WILSON W. THURSTON *et al.* Appellees, *vs.* ELMER TUBBS,
Appellant.

*Opinion filed February 20, 1913.*

1. DEEDS—*no particular form is necessary to constitute a good
delivery of deed.* Whatever clearly manifests the intention of the
grantor that the deed shall presently become operative and effect-
ual and shows that he intends to part with all dominion and con-
trol over it sufficiently establishes a good delivery.

2. SAME—*there is a presumption of delivery of a deed of vol-
untary settlement.* In case of a deed executed to effect a volun-
tary distribution or settlement the law presumes a delivery; and
this presumption is especially strong where the conveyance is made
by a father for the benefit of a minor child.

3. SAME—*party claiming deed of voluntary settlement was not
delivered has burden of proof.* One who claims that a deed of
voluntary settlement from father to child was never well delivered
has the burden of proving that there was no valid delivery.

4. SAME—*when delivery of deeds to a third party for grantees
passes title at once.* Voluntary deeds from a father to his chil-
dren, which he delivers to a third person with instructions to de-
liver them to the grantees after the grantor's death and without
the retaining by the grantor of any dominion or control over them,
are well delivered and vest title in the grantees at once, notwith-
standing each deed contains a clause providing that it is to be de-
livered after the grantor's death.

5. SAME—*when deeds are not invalid as an attempted testamen-
tary disposition of property.* Voluntary deeds containing a clause
providing that they are to be delivered after the grantor's death
are not invalid as an attempted testamentary disposition of prop-
erty not in accordance with the Statute of Wills, where the deeds
were delivered by the grantor to a third person with unconditional
instructions to deliver them to the grantees. .

6. SAME—*title passing by delivered deed is not divested by the
grantor's subsequent will.* If a deed disposing of land has been
delivered to a third person with unconditional instructions to de-
liver it to the grantee after the grantor's death, title passes to the
grantee at the delivery in escrow, and the title passing thereby is
not divested by a subsequent will of the grantor attempting to de-
vise the property to some other person.

7. EQUITY—*what is not a suit to contest a will.* Where a will
attempts to dispose of property the title to which the grantor has

257 — 30

already conveyed by a delivered deed, a bill to remove from the grantee's title the cloud created by the will is not a bill to contest the will, within the meaning of section 7 of the Statute of Wills, limiting the time for bringing such actions.

APPEAL from the Circuit Court of Marion county; the Hon. JAMES C. McBRIDE, Judge, presiding.

HOLT & WILSON, for appellant.

E. D. TELFORD, and L. M. KAGY, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Daisy V. Thurston and her husband, Wilson W. Thurston, filed a bill in equity in the circuit court of Marion county to quiet the title to the south-east quarter of the north-east quarter of section 35, township 3, north, range 3, east of the third principal meridian, in Marion county, Illinois. The case was tried in the circuit court, resulting in a decree in favor of complainants below. A writ of error was sued out from this court by the defendants below, and upon a consideration of the record the decree was reversed for the reason that it did not affirmatively appear upon the face of the record that a guardian *ad litem* had been appointed for one of the infant defendants, and the decree was reversed and the cause remanded. (*Thurston* v. *Tubbs*, 250 Ill. 540.) The merits of the controversy were not considered or determined on the former hearing in this court. The cause was re-instated, the error for which the decree was reversed was corrected, and a second final hearing in the circuit court resulted in a decree confirming and quieting the title of complainants to the land described and removing as a cloud thereon a clause in the last will and testament of Vickerman Robinson which purported to devise the lands in controversy to the widow of Vickerman Robinson for life with remainder in fee to Elmer Tubbs, a grandson of the testator.

The evidence establishes the following facts: Vicker-man Robinson was a widower. He had eight children. On the 24th day of December, 1896, he executed deeds to seven of his eight children, giving each of the seven forty acres of land, except to his oldest daughter, Florence M. Tubbs, to whom he gave a life estate in forty acres with the remainder to her son, Elmer Tubbs. The land conveyed to Florence M. Tubbs and her son, Elmer, is described as the south-east quarter of the north-west quarter of section 36, township 3, north, range 3, east of the third principal meridian, located in Marion county, Illinois. The seven deeds were properly executed and acknowledged and were by the grantor delivered to William Jones, of Iuka, Illinois, a close friend of the deceased, to hold until the death of the grantor, when they were to be delivered to the several grantees therein named. Each of the deeds contained the following clause: "This deed is to be delivered to the grantee after the death of the grantor." The execution of these deeds was intended by the grantor as a division of his real estate among his children. The lands of the grantor were so situated that a more equitable division could be effected by dividing forty-acre tracts into twenty-acre tracts and then conveying to each grantee two twenty-acre tracts, or half of two forties, instead of a full forty acres in a square. In dividing the land this way each of the children received forty acres in a tract one-half mile long and an eighth of a mile in width. Daisy V. Thurston, one of the complainants below, was the youngest daughter of Vickerman Robinson. At the time her father executed the deeds she was a child only eight years of age, living at home with her father, and her brother Clarence L. Robinson, who conveyed his interest to appellee Wilson W. Thurston, was a boy then eleven years of age. One-half of the forty acres of land in controversy was conveyed by Vickerman Robinson to his daughter Daisy and the other half to his son Clarence Robinson. Daisy Robinson

afterwards married Wilson W. Thurston. Thurston obtained a deed from Clarence Robinson for his half of the forty acres involved. If the deeds of Vickerman Robinson conveying the premises involved to his two children Clarence and Daisy were effective conveyances, it follows that they are the owners of the fee simple title, and the decree below so finding is correct. Some time after the execution of these deeds Vickerman Robinson married a second wife, Clarissa B. Robinson, and after his marriage he executed a will, by which he disposed of his personal property and attempted to devise some of the real estate included in his deeds. By the will the testator attempted to give his wife a life estate and Elmer Tubbs the remainder in fee in the forty acres of land described in the deeds to Clarence and Daisy Robinson. It is alleged that the scrivener, in drawing the will, made a mistake in describing the premises which the testator intended to devise to his widow and Elmer Tubbs, and the writer of the will testifies that such mistake, in fact, occurred.

It will be remembered that for some reason Vickerman Robinson only gave to his daughter Mrs. Tubbs a life estate and remainder to her son, Elmer. Each of the other deeds purported to convey a fee. The bill alleges, and the proof, if competent, sustains the allegation, that the testator intended to simply transfer the life estate given to Mrs. Tubbs in the forty acres described in her deed, to his wife, and leave the remainder in that forty acres in Elmer Tubbs, as it had been placed by the deed. What he really did was to give his widow a life estate in the forty acres conveyed to Clarence and Daisy, and to give his grandson, Elmer Tubbs, a remainder in fee in that forty acres in addition to the remainder given him in the forty acres conveyed to his mother, Mrs. Tubbs. If appellant's contention is sustained the result will be that Mrs. Tubbs will retain her life estate in the south-east quarter of the north-west quarter of section 36, township 3, north, range 3, east, and

Elmer, her son, will hold the remainder in fee therein, and the widow, Clarissa Robinson, will have a life estate in the south-east quarter of the north-east quarter of section 35 and Elmer Tubbs a remainder in fee in that forty acres, thus leaving Daisy and Clarence, the two youngest of his children, without any share or interest in their father's estate.

The admissibility of parol evidence to show the alleged mistake in the description of the property in the will is seriously questioned by appellant, and that point is made the subject of extended argument in his brief. In the view that we take of this case it will not be necessary to consider or decide that question. As already suggested, if the deeds made by Vickerman Robinson in 1896 were valid and had the effect of passing the title to the several grantees therein named, the grantor had no title to the premises in controversy at the time of his death, and his will, in so far as it purports to dispose of these premises, is of no effect.

The validity of the deeds is attacked on the ground that there was no sufficient delivery. There is no controversy about the facts. The deeds were executed in proper form and delivered to William Jones by the grantor, with unequivocal direction to deliver the deeds to the grantees therein after the death of the grantor. The deeds remained in the hands of this custodian, were never called for by the grantor in his lifetime, and after his death they were delivered to the respective grantees according to the instructions given by the grantor. No particular form or ceremony is necessary to constitute a good delivery of a deed. It may be by acts without words, or words without acts, or it may be both by words and acts. Whatever clearly manifests the intention of the grantor that the deed shall presently become operative and effectual and shows that he intends to lose all control over it sufficiently manifests a good delivery. In the case of deeds executed to

effect a voluntary distribution or settlement the law will presume a delivery, and this presumption is especially strong where a father makes a conveyance for the benefit of his infant child. The burden of proof shifts in such cases, and it is required that anyone claiming adversely to such grantee must show that there was no delivery. The foregoing propositions are supported in this State by many decisions. (*Douglas* v. *West,* 140 Ill. 455; *Miller* v. *Meers,* 155 id. 284; *Chapin* v. *Nott,* 203 id. 341; *Henry* v. *Henry,* 215 id. 205; *Creighton* v. *Roe,* 218 id. 619; *White* v. *Willard,* 232 id. 464; *Riegel* v. *Riegel,* 243 id. 626; *DeGraff* v. *Manz,* 251 id. 531.) The circumstance that the deeds contained the clause that they were not to be delivered to the grantees until after the death of the grantor is not of controlling importance here. The delivery of the deeds to Jones by the grantor, with instructions to hold them for the grantees until the death of the grantor and then deliver them, was a legal delivery for the use and benefit of the grantees, and the custodian thereafter held the deeds for the benefit of the grantees. The grantor intended to, and did, part with all control over the deeds. He never sought thereafter to interfere in any way with the deeds in the hands of Jones, and after his death they were passed to the grantees. This constituted a complete and effective delivery to the grantees and vested the title according to the tenor and effect of the several deeds. *Shea* v. *Murphy,* 164 Ill. 614; *Latimer* v. *Latimer,* 174 id. 418; *Kelly* v. *Parker,* 181 id. 49.

The law is well settled in this State by numerous decisions that where a grantor executes a deed and places it in the hands of a third party to be delivered to the grantee unconditionally after the death of the grantor, and the grantor loses all control and dominion over the deed, such act constitutes a valid delivery. It is also well settled that such conveyances are not open to the objection that they are in the nature of a testamentary disposition and void

unless executed with the formalities required by our Statute of Wills. Such a deed, in fact, takes effect, not at the death of the grantor, but immediately upon being delivered in escrow, if such act is attended with circumstances clearly evincing such intention on the part of the grantor. (*Latimer* v. *Latimer, supra; Harshbarger* v. *Carroll,* 163 Ill. 636.) .We think it clear, under the evidence, that Vickerman Robinson intended these deeds to operate as a complete divestiture of his title at the time they were executed and delivered to Jones. If this be true, the title passed out of him upon the delivery of the deeds, and hence he had no interest in the premises in controversy at the time of his death, and the inclusion of such premises in his last will constitutes a cloud upon the title of appellees, which a court of equity has jurisdiction to remove.

Appellant contends that the bill in this case is a bill to contest the last will of Vickerman Robinson, and therefore should be dismissed because not filed before the time required by the statute, under section 7 of the Wills act. This is a misapprehension. There is no attempt to set aside the will or to construe the same. The only object of the bill is to remove the cloud from the title of appellees upon forty acres of land. The fact that that cloud was created by a will instead of a deed or other instrument is of no consequence. The will of the testator remains in force as to all of the property which he, in fact, owned at the time of his death. The decree below does not in any way interfere with the rights of anyone under the will only in so far as appellant is seeking to assert title or claim, under the will, to property which the testator did not own at the time of his death.

The decree of the circuit court of Marion county being free from error, will be affirmed.    *Decree affirmed.*