(No. 11482.—Reversed and remanded.)

ADDIE JOHNSON, Appellant, *vs.* DAVID FULK *et al.*
Appellees.

*Opinion filed February 20, 1918.*

1. EVIDENCE—*defendant cannot testify in his own behalf against complainant suing as an heir-at-law.* Defendants who are directly interested cannot testify in their own behalf in a partition suit where the complainant is suing as an heir-at-law.

2. SAME—*adverse party is not incompetent where party sues or defends as grantee and not as heir.* Where a party sues or defends, not in his relation as an heir but as a grantee, an adverse party is not incompetent to testify in his own behalf, and a complainant in a partition suit seeking to set aside deeds executed by her deceased grandfather may testify in her own behalf as against defendants claiming under one of the deeds as heirs of the deceased grantee.

3. DEEDS—*delivery is essential to pass title by deed—burden of proof.* Delivery is essential to the complete execution of a deed so as to pass title, and it is incumbent on defendants in a partition suit, who are claiming adverse title by virtue of deeds, to prove the fact of delivery.

4. SAME—*deed to take effect after death must be delivered in grantor's lifetime.* A present grant of a future estate is valid but the deed must be delivered and take effect during the grantor's lifetime, otherwise it amounts to a testamentary disposition of property without complying with the Statute of Wills.

5. SAME—*evidence must show an intention of the grantor that deed shall take effect upon delivery.* The law provides no particular method of delivery of a deed and it is not necessary that there shall be an actual physical transfer from the grantor to the grantee, but it is essential that there shall be such words or acts as clearly manifest an intention of the grantor that the deed shall at once become operative and effectual to pass the title, and evidence which shows only an intention that the grantee shall have the property at the grantor's death is not sufficient.

6. SAME—*delivery to an agent of grantee must be irrevocable.* Delivery of a deed may be made to an agent of the grantee, but such a delivery must be absolute, with no right of the grantor to reclaim the deed.

7. SAME—*voluntary deed in possession of the grantee after the grantor's death creates presumption of delivery in lifetime of the grantor.* If a deed of voluntary conveyance is in the possession

of the grantee at the death of the grantor the fact of such possession raises a presumption that the deed has been delivered during the life of the grantor.

DUNN. and COOKE, JJ., dissenting.

APPEAL from the Circuit Court of Stark county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

TICHENOR, TODD & WILSON, for appellant.

J. H. RENNICK, J. W. FLING, JR., and F. B. BRIAN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Levi Fulk died intestate June 16, 1915, owner of record of the north half of the northwest quarter of section 30 and the north half of the northwest quarter of section 15, both in township 14, range 7, in Stark county. Afterward, on July 9, 1915, two deeds made by him were filed for record, one a quit-claim deed dated August 7, 1900, to his daughters Eliza Fry and Sarah Currie, of the north half of the northwest quarter of section 15, and the other a warranty deed dated August 22, 1911, to Mary McCormick for life, with remainder to her children, of the south half of the northwest quarter of the northwest quarter of section 30. On July 30, 1915, there was filed a quit-claim deed dated June 16, 1904, made by Levi Fulk to his sons Felix M. Fulk, John Fulk and David Fulk, of the north half of the northwest quarter of section 30, a part of which was also described in the deed to Mary McCormick. The wife of Levi Fulk died prior to his death and there was no administration of his estate. If the deeds were valid he left no property. The appellant, Addie Johnson, one of the grandchildren, daughter of Elizabeth Ellen McManus, a deceased daughter of Levi Fulk, filed her bill in this case in the circuit court of Stark county praying the court to set

aside the deeds on the ground that they were never deliv-
ered by the grantor and for partition of the land. The bill
was answered with denials that the deeds were not deliv-
ered, with the exception that the grantees in the deed of
June 16, 1904, by their answer denied that the subsequent
deed to Mary McCormick was ever delivered. The issues
were referred to a special master in chancery, and on the
hearing before him two of the defendants who were grant-
ees in the deeds testified under an objection that they were
not competent. The master reported all the evidence taken
before him and his conclusions therefrom, finding as facts
the making of the deeds, which was not denied, but find-
ing nothing as to the delivery of them, which was the issue
of fact. He found and reported as a matter of law that
the grantees in the deed of August 7, 1900, were the owners
of the land therein described; that the grantees in the deed
of June 7, 1904, were the owners of that part of the north
half of the northwest quarter of section 30 not afterward
conveyed to Mary McCormick, but under the deed of Au-
gust 22, 1911, Mary McCormick had a life estate in the
property described in the deed to her with remainder in fee
to her children, and that none of the real estate was sub-
ject to partition. The court heard the case on exceptions
to the master's report and by the decree overruled the same
and approved and confirmed the report. The decree con-
tained the finding that the deeds were delivered by Levi
Fulk in his lifetime and dismissed the bill for want of
equity.

The witnesses who were objected to as incompetent
because the complainant was suing as heir-at-law of her
grandfather, Levi Fulk, were the defendants Sarah Currie
and Mary McCormick. The statute, which provides that
no party to any civil action, suit or proceeding, or person
directly interested in the event thereof, shall be allowed to
testify therein of his own motion or in his own behalf
where the adverse party sues or defends as the heir of any

deceased person, applied to these witnesses and they were incompetent.

Addie Johnson, the complainant, her husband, George Johnson, and Levi Fulk, one of the sons and heirs-at-law of the grantor, Levi Fulk, testified for the complainant under objection, and it is contended that they also were incompetent as against the heirs-at-law of Eliza Fry, one of the grantees in the deed of August 7, 1900, who were defendants. Where a party sues or defends, not in his relation as an heir but as a grantee, the statute does not render an adverse party incompetent. In the case of *Gage* v. *Eddy,* 179 Ill. 492, Gage was defending in his own right as grantee of the executor of a deceased person, and it was held that Eddy could not be prohibited from testifying in his own behalf as to personal transactions with such deceased person. In this case the grantees in the deeds and the heirs-at-law of one of them were asserting title as grantees of Levi Fulk, and the issue was whether title had passed by the delivery of the deeds. The heirs of Eliza Fry were not defending in their capacity as heirs but as claimants under one of the deeds, although if Eliza Fry had title it had descended to them. The statute did not prohibit the witnesses from testifying. *Goelz* v. *Goelz,* 157 Ill. 33; *Hudson* v. *Hudson,* 237 id. 9; *Shipley* v. *Shipley,* 274 id. 506.

The facts proved by competent evidence were as follows: The deed to Eliza Fry and Sarah Currie was written by Daniel J. Phenix at his bank in Bradford at the request of Levi Fulk and was dated August 7, 1900, but was acknowledged before Phenix, as notary public, on April 6, 1901. There was no explanation of any reason for the difference between the date and the time of acknowledgment but the deed was left in the bank for safe keeping, and Phenix could not recall anything about it except the fact of its being left for that purpose. The second deed, dated June 16, 1904, was also drawn by Phenix and acknowledged before him, as notary public, on the same day.

That deed was placed with the other one in the bank for safe keeping, and Phenix had no recollection of what occurred or what was said at the time the deed was made. The third deed, dated August 22, 1911, to Mary McCormick, purporting to convey a part of the same land described in the second deed, was drawn by J. E. Harney, assistant cashier of the Bradford bank, at the request of Levi Fulk and was acknowledged before Harney, as notary public, on the day of its date. It was taken away by the grandson Raymond McManus and Levi Fulk, but Harney did not know which of the two had possession of the deed. The grantor, Levi Fulk, took the two deeds which were left at the bank for safe keeping and gave them to his son Levi Fulk in the fall of 1904, and asked him to take the deeds and take care of them until he should call for them. The son Levi Fulk kept those deeds until the spring of 1909, when the grantor took them and delivered them to the complainant, Addie Johnson, with directions to put them away and keep them until he called for them and not to let anyone else have them. In June, 1911, Levi Fulk took those deeds from Addie Johnson, saying that he was going to take them to her brother, Raymond McManus, as the brother was married at that time and keeping house and he thought that the deeds would be safe there. After the death of the grantor all the deeds were obtained by Sarah Currie from Raymond McManus, who then lived in Montana.

Delivery is essential to the complete execution of a deed so as to pass title, and it was incumbent on the defendants claiming title by virtue of the deeds to prove the fact of delivery. A present grant of a future estate is valid, but a deed to take effect as such a grant must be delivered and take effect during the grantor's lifetime, because a deed not to take effect until after the death of the grantor amounts to a testamentary disposition of property without complying with the Statute of Wills. (*Oswald* v. *Caldwell,* 225 Ill. 224; *Benner* v. *Bailey,* 234 id. 79.) The question

whether there was a delivery of these deeds rests to a great
extent upon the intention of Levi Fulk as shown by the
evidence. The law provides no particular method, and it is
not necessary that there should be an actual physical trans-
fer from the grantor to the grantee, but it is essential that
there should be such words or acts as clearly manifest an
intention that the deed shall at once become operative and
effectual to pass title to the land conveyed. (*Byars* v.
*Spencer,* 101 Ill. 429; *Shults* v. *Shults,* 159 id. 654.) De-
livery may be made to an agent of the grantee, but such a
delivery must be absolute, with no right of the grantor to
reclaim the deed. The courts are inclined to uphold vol-
untary conveyances, and if a deed is in the possession of
the grantee at the death of the grantor, the fact of such
possession raises a presumption that it had been delivered
during the life of the grantor. (*McCann* v. *Atherton,* 106
Ill. 31; *Massachusetts Benefit Life Ass'n* v. *Sibley,* 158 id.
411; *Inman* v. *Swearingen,* 198 id. 437.) The evidence
did not prove a delivery of either of the deeds under any
of these rules. Two of the deeds were left at the bank
with Daniel J. Phenix for safe keeping, merely, and they
were afterward left with the son Levi Fulk, the grand-
daughter Addie Johnson and the grandson Raymond Mc-
Manus, none of whom were agents for or in any manner
represented the grantees, and it is obvious that Levi Fulk
never intended to lose control over the deeds. The finding
that the deeds were delivered was contrary to the evidence.

The depositions of Raymond McManus and Annie Mc-
Manus, his wife, taken on behalf of the complainant in
Montana, where they resided during the pendency of this
suit, were excluded because not taken within the time fixed
for closing the proofs. The court refused to re-refer the
cause to the special master with directions to consider the
depositions, and error is assigned on the refusal, but we do
not find it necessary to consider whether there was an abuse
of discretion in that particular. If the custody of the deeds

by any of the persons in whose possession they were left by Levi Fulk was, in fact, for the grantees it was incumbent on the defendants to make proof of the fact, and, disregarding the depositions in question, the defendants did not prove a delivery. There was sufficient evidence to justify a conclusion that Levi Fulk intended that the grantees should have the lands described in the deeds at his death, but such an intention must be manifested by an instrument sufficient to satisfy the requirements of the Statute of Wills.

The decree is reversed and the cause is remanded to the circuit court, with directions to set aside the deeds and enter a decree for partition of the lands among the heirs-at-law.          *Reversed and remanded, with directions.*

DUNN and COOKE, JJ., dissenting:

The statute provides that no party to any suit or person directly interested in the event thereof shall be allowed to testify in his own behalf where any adverse party sues or defends as the heir of any deceased person, except in certain cases not necessary to be mentioned. The appellant, her husband and Levi Fulk were therefore incompetent to testify against the heirs of Eliza Fry, who were defending as heirs of their mother.

The controversy is, in part, concerning the delivery of a deed from Levi Fulk to Eliza Fry and Sarah Currie. The deed must have been delivered, if at all, in the grantor's lifetime. If Levi Fulk in his lifetime had sued Eliza Fry in her lifetime to set aside the deed either would have been a competent witness against the other as to any fact within his or her knowledge. If Levi Fulk had died during the pendency of the suit and his heirs had been substituted in his stead Eliza Fry would have been incompetent to testify against them as to facts occurring in his lifetime. If Eliza Fry had died and her heirs had been substituted Levi Fulk would have been incompetent to testify against them as to facts occurring in her lifetime. If both had died, the heirs

of either who might have been substituted as parties would have been incompetent to testify against the heirs of the other, for the complainants thus substituted would have been suing as heirs of Levi Fulk and the defendants defending as heirs of Eliza Fry. The fact that the suit was begun originally by one of the heirs of Levi Fulk against the heirs of Eliza Fry, instead of being begun by him against her, does not affect the competency of the parties as witnesses.

The opinion of the court says that the heirs of Eliza Fry were not defending in their capacity as heirs but as grantees under one of the deeds. Since their only claim under that deed was as heirs of Eliza Fry, how were they defending if not as her heirs? We have held, as the opinion states, that where a party sues or defends as a grantee and not as an heir, the adverse party is not rendered incompetent. In *Gage* v. *Eddy,* 179 Ill. 492, Gage was defending as grantee of an executor and testamentary trustee, and the adverse party was held competent to testify against him though he would have been incompetent against his grantor defending as executor. In *Goelz* v. *Goelz,* 157 Ill. 33, the suit was against the children of the complainant's wife to set aside deeds which their mother had made to them. They were her heirs, but that fact had nothing to do with their title. They claimed as grantees under the deeds. Their title did not depend upon the heirship, and the complainant was held competent to testify in his own behalf. In *Hudson* v. *Hudson,* 237 Ill. 9, five of the heirs of Rhoda Hudson sued the remaining heir to set aside a deed made to the latter by deceased. He defended under his deed and not as heir, and the opposite parties were competent witnesses. In *Shipley* v. *Shipley,* 274 Ill. 506, the complainant, claiming under a deed from his deceased wife, sought to quiet his title and the adverse parties were permitted to testify.

Whenever an essential element of a party's claim or defense is his heirship of the subject matter in controversy he sues or defends as heir, and the adverse party is an incompetent witness against him except in the cases excepted by the statute.