(No. 12407.—Reversed and remanded.)

EMMA NOFFTZ, Appellee, *vs.* ALBERT NOFFTZ, Appellant.

*Opinion filed October 27, 1919—Rehearing denied Dec. 3, 1919.*

1. DEEDS—*warranty deed destroyed by the grantor is presumed to have conveyed fee simple.* Where a grantee seeks to establish a deed which has been destroyed by the grantor, the rule that everything will be presumed against the despoiler of evidence does not relieve the grantee from making what proof he can as to the contents of the deed, but it has the effect of raising a presumption that the deed, which was shown to be a warranty deed, conveyed a fee simple title or the highest title claimed by the grantee.

2. SAME—*burden is on grantee to prove delivery of deed by preponderance of evidence.* Delivery is essential to the complete execution of a deed so as to pass title, and a grantee claiming title thereunder must prove the delivery of the deed by a preponderance of the evidence.

3. SAME—*what does not prove delivery.* The fact that the grantee had the deed in her hands after its execution does not, of itself, prove delivery.

4. SAME—*what constitutes a sufficient delivery.* No particular form is necessary to constitute a valid delivery of a deed, but anything which clearly manifests an intention of the grantor and the person to whom it is delivered that the deed shall presently become operative, that the grantor shall lose all control of it and that by it the grantee is to become possessed of the estate conveyed, constitutes a sufficient delivery.

5. SAME—*presumption of delivery in case of voluntary settlement may be rebutted.* The presumption that a deed has been delivered in case of a voluntary settlement by a parent upon a child, with a reservation of a life estate, may be rebutted by showing that it was not the intention of the grantor to deliver the deed, as this presumption is not applied where there are circumstances to show that the grantor did not intend the deed to operate immediately.

6. SAME—*deed must take effect during the grantor's lifetime to avoid testamentary disposition.* A present grant of a future estate is valid, but to take effect as such grant the deed must be delivered and take effect during the grantor's lifetime, as otherwise it will amount to a testamentary disposition of property without complying with the Statute of Wills.

7. SAME—*when Supreme Court is not bound by finding of chancellor on question of delivery.* The Supreme Court is not bound

by the finding of the chancellor that a deed was delivered where the weight of the evidence wholly fails to preponderate in favor of the party seeking to establish the deed; and this is especially true where the chancellor does not see and hear the witnesses.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

H. T. SCHUMACHER, and HERRICK & HERRICK, for appellant.

DOBBINS & DOBBINS, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Emma Nofftz filed her bill in the circuit court of Champaign county March 28, 1917, for the purpose of establishing a deed alleged to have been made by Albert Nofftz and Caroline Nofftz, his wife, and in her bill alleged that by the deed sought to be established there was conveyed to her in fee simple, subject to a life estate, the southwest quarter of section 19, in township 18, north, range 8, east of the third principal meridian, in the county of Champaign, Illinois. The cause took the usual reference to the master, upon whose findings the chancellor entered his decree, directing that the premises be conveyed to Emma Nofftz, subject to the life estate in said premises of Albert Nofftz and Caroline Nofftz and the survivor of them. Albert Nofftz has appealed from this decree.

Prior to March 1, 1911, Albert Nofftz was the owner of a section of land in Champaign county, which included this quarter section. It is the contention of appellee that appellant and his wife on March 1, 1911, executed and delivered to her a deed to this 160 acres of land. Appellant admits the execution of a deed but insists that the deed was not delivered; that he destroyed it in August, 1912. The evidence taken before the master consisted chiefly of the testimony of the members of the Nofftz family. The ap-

pellant and his wife, after living together nearly fifty years, separated in 1916. There were eight children, and at the time of this litigation all except Frank, the youngest child, seemed to be estranged from their father. Appellee is the oldest child and has lived the greatest portion of her life with her parents. There is much conflict in the testimony of these witnesses. They not only contradict each other but they contradict themselves. It is very difficult, therefore, to arrive at the truth from the inconsistent testimony of the several witnesses.

The appellee testified that on March 1, 1911, she went to the office of Walter E. Price, a notary public and abstracter in Champaign, in company with her father and brother Frank; that two of Price's sons were present; that on that occasion her father gave Frank a deed for 40 acres of land which Frank had purchased from him; that at the same time he handed her a deed for the 160 acres of land here in dispute, and after handing her the deed said, "This is yours." She further testified that she did not read the deed over at that time nor make any inquiry as to what it contained but without comment she placed it in her handbag and after doing some errands down-town went to her father's house in Champaign and there she first read the deed; that her father (appellant) was present and she read the deed aloud to him; that after she read it to him appellant took the deed and said he would keep it for her; that she had the deed in her possession about two hours; that the deed provided that she was to own the 160 acres absolutely and do what she pleased with it after her father and mother died. She is not able to state the contents of the deed, but insists that it conveyed to her the remainder in fee after the termination of a life estate in her father and mother or the survivor of them. The only competent evidence supporting appellee is the testimony of two brothers and two sisters, who testified that on different occasions they each had a conversation with appellant, and that in

those conversations he stated that he had deeded the 160 acres to appellee, to do with as she pleased after his death.

Appellant testified in his own behalf and denied absolutely the delivery of the deed and denied having the conversations testified to by his children in which they said he admitted the delivery of the deed. He further testified that after appellee came to Champaign to live with him and his wife he told her that if she would stay with them and take care of them and treat them right she should have this quarter section after the death of himself and his wife, and that if she died with children surviving her the land should go to her children after her death, but that if she died without children surviving her the land should go to Frank and his heirs. Appellant further testified that the deed had been made long before he spoke to appellee about the matter, and that Walter Price had written the deed in accordance with the terms which appellant discussed with appellee; that the deed was never in the possession of appellee and that he never showed her the deed; that shortly after the deed was made he put it in a safe deposit box, and that it stayed there until appellee adopted a course of ill-treatment toward him and directed him to get out of his own home and go to the Old Soldiers' Home to live; that after this course of conduct became unbearable he burned the deed and told her that he had burned it; that the quarrels continued in the home until in September, 1916, when articles of separation were signed between him and his wife, at which time he deeded her 200 of the 600 acres he then owned, together with a home in the city of Champaign. He further testified that no demand had ever been made upon him for this deed and that nothing had been said about it from the time he told appellee that he had destroyed it until six months after the articles of separation had been made between him and his wife; that about March 1, 1917, he prepared a deed to convey this 160 acres to his son Frank and asked his wife to sign the deed; that appellee told her mother

not to sign the deed, and that immediately after that appellee and her mother began to make complaint about the delivery of this destroyed deed. Appellant is corroborated in his view of the transaction by his son Frank and by the notary, Walter Price.

Frank testified that appellant did not on March 1, 1911, or on any other day, in his presence deliver a deed to appellee and say to her, "Here; this is yours." He further testified that the appellee was not at the office of Walter Price at the time his father delivered to him the deed for the 40 acres. Frank contradicts the appellee in practically everything she says, and there is no way of reconciling their testimony.

Walter Price testified that he has lived in Champaign since 1857 and for the past twenty years has been head of the Twin-City Abstract Company; that in March, 1911, he prepared two deeds for Albert Nofftz,—one conveying land to Frank Nofftz and the other conveying land to Emma Nofftz; that Albert Nofftz gave him the descriptions of the land which he wanted in the deeds, and that after the deeds were prepared he took them to the residence of Mrs. Nofftz for her to sign; that after taking her acknowledgment to the signature he took the deeds back to his office and completed the acknowledgment and handed the deeds to Nofftz; that Emma Nofftz, the appellee, was not present on that occasion, and that Albert Nofftz did not in the abstract office deliver the deed over to Emma Nofftz on the first day of March, or at any other time, and say, "Here; this is yours;" that she was never in his office at any time when any deed was delivered by Albert Nofftz to Frank Nofftz. He also contradicted Emma Nofftz in many other details not connected with the delivery of the deed.

The undisputed evidence shows that since March, 1911, the appellant has been in possession of the premises, has paid the taxes and has expended about $2500 in repairing buildings upon the premises, erecting new buildings there-

on, tiling the land and paying drainage assessments against the land.

The evidence is very unsatisfactory with respect to the contents of this deed. No witness is able to testify just what the deed contained. Appellee contends that the deed conveyed to her this quarter section in fee simple, subject to the life estate of the grantors, while appellant contends that the deed reserved in the grantors a life estate and conveyed to the appellee a life estate with remainder to her children if she left children surviving her, otherwise the remainder to her brother Frank and his children. He also contends that the conveyance to her was subject to the condition that she remain with her parents and take care of them in their old age. Appellant admits that he destroyed this deed, and it is a well established rule of evidence that everything will be presumed against the despoiler. This presumption, however, does not relieve the opposite party from the burden of proving the contents of the deed, but it does have the effect, where the evidence is vague and uncertain, of raising a presumption against the party who has destroyed the evidence which would make the facts clear. In this case it is admitted that appellant and his wife executed a warranty deed conveying this quarter section to appellee and that subsequently the appellant destroyed that deed. With these facts established, the presumption is that the deed conveyed the highest title it could convey,—i. e., a fee simple. The highest title claimed by appellee is a fee simple subject to a life estate, and so the chancellor did not err in holding that the deed conveyed such an estate. *Hudson* v. *Hudson*, 287 Ill. 286.

Admitting that such a deed was executed, it conveys no title to appellee unless it be proven that the deed was delivered. The burden of proof rested upon appellee to establish not only the execution but the delivery of the deed. If it be conceded that the grantee in this deed, after its execution, had the deed in her hands, that does not, of it-

self, establish a delivery. No particular form is necessary to constitute a valid delivery. It may be by acts without words or by words without acts, or by both. Anything which clearly manifests the intention of the grantor and the person to whom it is delivered that the deed shall presently become operative and effectual,—that the grantor loses all control of it and that by it the grantee is to become possessed of the estate,—constitutes a sufficient delivery. (*Oliver* v. *Oliver,* 149 Ill. 542; *Provart* v. *Harris,* 150 id. 40; *Wilson* v. *Wilson,* 158 id. 567; *Hollenbeck* v. *Hollenbeck,* 185 id. 101.) While the presumption is that a deed has been delivered in case of a voluntary settlement by a parent upon a child in which there is a reservation of a life estate in the parent, this presumption may be rebutted by showing that it was not the intention of the grantor to deliver the deed. This presumption is applied and the validity of a deed upheld only in cases where there are no circumstances to show that the grantor did not intend the deed to operate immediately. (*Sample* v. *Geathard,* 281 Ill. 79.) In the case at bar appellant continued in possession of the land and exercised all authority of ownership over it. The deed was never recorded. He continued to pay the taxes from his own funds and continued to receive all the income from the property. He did not leave the property in the same state in which it was at the time the deed was made, but he continued to improve the land by draining it and by erecting buildings thereon. Appellee made no claim whatever to the land, and for four years, according to appellant's testimony, after appellee knew that the deed was destroyed she did not mention the deed nor insist that it be restored. Appellee admits she knew the deed was destroyed two years before she made the demand. There was no claim made until after the separation of appellant and his wife and until after appellant's wife had refused, at the suggestion of appellee, to join with him in a deed conveying this piece of land to his son. All these facts are inconsistent

with appellee's claim that there was a delivery of the deed and that it was intended to operate immediately. Delivery is essential to the complete execution of a deed, so as to pass title, and it was incumbent upon appellee, claiming title by virtue of this deed, to prove the fact of delivery.

A present grant of a future estate is valid, but a deed, to take effect as such grant, must be delivered and take effect during the grantor's lifetime, because a deed not to take effect until after the death of the grantor amounts to a testamentary disposition of the property without complying with the Statute of Wills. (*Johnson* v. *Fulk,* 282 Ill. 328.) Complainant's exhibit "A," which was attached to the bill and alleged to be a copy of the deed made by appellant conveying this quarter section to appellee, provided that the grantors, "for and in consideration of love and affection and one dollar in hand paid, convey and warrant to Emma Nofftz, from and after the death of the grantors herein," said lands described. It will be seen, therefore, that this amounts to a testamentary disposition of property unless delivery was actually made and the act of delivery accompanied by such words or acts as clearly manifested an intention that the deed become at once operative and effectual so as to pass title to the land. Appellee stands alone in her statement that a delivery of this deed was made to her at the time it was executed. There is no competent evidence in the record corroborating her except the testimony of her brothers and sisters who claim to have had conversations with the father, in which conversations, as they say, he admitted execution and delivery of the deed. On the other hand, appellant denies absolutely that he delivered this deed to appellee and denies that she ever at any time had possession of the deed. He is corroborated by his son Frank and by the scrivener, Walter Price. No reason is shown in the record why Price should not tell the truth. He seems to be the only disinterested witness and the only witness whose testimony is not colored with feeling.

Price's two sons were not called to testify. Appellee says they witnessed the delivery of the deed. Why she did not call them does not appear.

Delivery of a deed must be established by a preponderance of evidence. Regardless of all the other testimony in the record, we have here the testimony of two parties interested. If appellee's testimony is true then there was a delivery of the deed, while if appellant's testimony is true there was no delivery. If these witnesses were entitled to equal credit, a delivery was not shown because there would be no preponderance of the evidence, and the appellee failing to prove delivery by a preponderance of the evidence, appellant is entitled to the decree. But, the testimony of appellant does not stand unsupported, because appellee says that the deed was delivered to her in Price's office and that her brother Frank and the scrivener were present. Therefore, of the four persons competent to testify and present at the time appellee claims the deed was delivered to her, three state that the deed was not delivered, and, in fact, deny that appellee was there at all. Where two witnesses competent to testify as to the delivery of the deed contradict each other, and the witness testifying to the facts showing non-delivery is not shown to be less worthy of credit than the witness testifying to the facts showing delivery, then a delivery is not established. *Enders* v. *Muno,* 269 Ill. 422.

Recognizing the rule that the findings of the chancellor should not be disturbed by a court of review unless the weight of the testimony is manifestly against such findings, still we feel constrained to hold that the clear preponderance of the evidence in this record shows that the deed was never delivered. The only direct competent evidence offered by appellee as to an actual delivery of the deed was her own testimony. She is not only contradicted by three witnesses as to the actual delivery of the deed, but she is impeached in many other ways. We are not bound by the

findings of the chancellor when the weight of the evidence wholly fails to preponderate in favor of the party seeking to establish the deed. (*Russell* v. *Mitchell,* 223 Ill. 438; *Shipley* v. *Shipley,* 274 id. 506.) And this is especially true where the chancellor does not see and hear the witnesses. (*Larson* v. *Glos,* 235 Ill. 584.) On the evidence in this record the circuit court should have held that there was no delivery of the deed.

The decree of the circuit court must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*