(No. 27170.—

STANLEY W. SMITH, Admr., Appellant, *vs.* SAMUEL J.
PELZ *et al.,* Appellees.

*Opinion filed November 19, 1943.*

G. A. Buresh, for appellant.

Fred L. Steers, (Merton A. Coler, of counsel,) for appellees.

Mr. Justice Stone delivered the opinion of the court:

This is an appeal to review the order of the probate court of Cook county dismissing a petition of appellant as administrator *de bonis non* with the will annexed of the estate of Anna Pelz, for an order of sale of real estate to pay debts and legacies. The petition also sought to set aside a deed, to the property involved, from Anna Pelz to the appellees Samuel J. Pelz and Frank A. Pelz, her sons. A freehold is involved and the cause comes to this court on direct appeal.

The petition sets out the death of Anna Pelz, the probate of her will, alleges there is no personal estate and sets out the allowance by the probate court of claims against the estate, including legacies, aggregating $3205.56. It is averred that the real estate involved here, a certain house and lot in Park Ridge in Cook county, was owned by Anna Pelz at the time of her death; that a certain deed to appellees, executed by Anna Pelz, and which was delivered to appellees and recorded after the death of Anna Pelz, did not become operative as a conveyance and therefore constitutes a cloud on the title and

should be removed as a cloud and the real estate sold to pay debts and legacies.

The answer of appellees does not deny the allegations of the petition concerning the probate of the will of Anna Pelz, the existence of claims against her estate, and the lack of personal property from which those claims might be paid. The appellees' defense is that the real property belongs to them by reason of a deed which Anna Pelz executed and delivered to them through an actual delivery of it to Mary Schmid, a sister of Anna Pelz, to be held by her for appellees and to be delivered to them upon the death of the grantor. Their answer admits that Anna Pelz died May 20, 1938, and that the next day the deed was turned over to appellees and by them filed of record with the recorder of Cook county. Mary Schmid was made party defendant and filed an answer which admitted the material allegations of the petition and joined in the prayer thereof. The replication filed by parties, who, aside from the administrator, were interested in the estate of Anna Pelz as heirs or creditors, or both, denied that the deed was delivered to Mary Schmid to be held by her for appellees and to be delivered on the death of Anna Pelz, and denied that Anna Pelz at any time gave Mary Schmid any instructions with respect to the delivery of the deed, and averred that the deed was invalid for want of delivery.

This deed was executed by Anna Pelz in Green county, Wisconsin, on December 23, 1932. The evidence shows that on May 21, 1938, the day after the death of Anna Pelz, Emma Bergman, also a sister of the deceased, went to a safety box held in the name of herself and her sister Mary Schmid, and removed a package of papers which, she testified, was left at the safety-deposit box by Anna Pelz. She took the package to her home and handed it to appellee Frank Pelz, who, opening the package, found

the deed involved here and took it to the court house and had it recorded.

The will of Anna Pelz was, shortly after her death, probated in Iowa where she resided at the time of her death. An exemplified copy of a record of the will was filed in the probate court of Cook county on March 2, 1942, some three years after its original probate, and letters of administration *de bonis non* with will annexed were issued to appellant. The will bequeathed certain legacies, disposed of designated personal property and gave the balance of the estate to appellees as residuary legatees. Since probate of the will in Iowa, appellees have had possession of the property and collected the rents. It is conceded by appellant that if the delivery of the deed was proved in this case, the probate court was correct in refusing to order sale of the real estate and removal of the deed as a cloud. That is the single issue to be decided here.

Appellees argue here that the judgment of the trial court was correct; that appellant's witnesses were not competent to testify under the Evidence Act, and appellees being in possession of the property and the deed thereto, the burden was upon appellant to prove by clear and convincing evidence that the deed was not delivered. On the other hand, appellant argues that the burden was upon appellees, the grantees in the deed, to prove a valid delivery; that there is no competent evidence in the record to prove delivery of the deed, and that no presumption exists of such delivery.

Appellees say that their aunt Emma Bergman was an incompetent witness for the reason that the petition showed that she and her sister, Mary Schmid, were creditors of the estate of Anna Pelz, and that under section 2 of the Evidence Act they were interested parties and incompetent to testify. Section 2 of the Evidence Act pro-

vides among other things, that no party to a civil action or directly interested in the event thereof, shall be allowed to testify of his own motion when any adverse party sues or defends as heir, legatee or devisee. Although Emma Bergman was a party interested in the outcome of the petition to sell real estate, since she was a creditor, yet appellees, though sons of the deceased, were not defending as heirs or devisees but as grantees under a deed which they claimed was executed and delivered by her. Plaintiff's witnesses were competent to testify. (*Johnson* v. *Fulk,* 282 Ill. 328; *Essary* v. *Marvel,* 274 Ill. 576; *Grindle* v. *Grindle,* 240 Ill. 143; *Hudson* v. *Hudson,* 237 Ill. 9.) On the record in this case the facts that Anna Pelz left no personal property with which to pay debts and legacies, and left debts and legacies of over $3200, were themselves sufficient to require an order for the sale of any real estate of which she died seized, to pay debts and legacies, regardless of the question of the competency or veracity of any witnesses in the case.

Appellees say that the deed having been executed and turned over to Mary Schmid for delivery to appellees, who procured actual delivery of it from her after the death of Anna Pelz, and recorded it, a presumption of its delivery arises which was not overcome. Appellant, on the other hand, insists that the burden is upon appellees, under such facts, to prove valid delivery. It is not contended that there was an actual delivery to appellees before the death of Anna Pelz but the contention is that what did occur gave rise to a presumption of delivery to them, against which no competent evidence appears in the record. Their answer admits that the deed was not in their possession until after the death of the grantor.

Though, under certain facts, the presumption is indulged that deeds duly acknowledged and recorded in the lifetime of the grantor have been delivered and accepted, yet, if an unrecorded deed be found in the possession of

a third person at the time of the death of the grantor, it is incumbent upon the person claiming title by virtue of that deed to prove that it was left with such third person with the intent that it be delivered to the grantee as a conveyance of title and without right on the part of the grantor to reclaim it. (*Johnson* v. *Fulk,* 282 Ill. 328; *Kavanaugh* v. *Kavanaugh,* 260 Ill. 179.) Where possession of a deed is received by the grantee after the death of the grantor, and the deed recorded, there is no presumption of delivery. (*Herrin* v. *McCarthy,* 339 Ill. 530.) On the other hand, as was held in *Scott* v. *Cornell,* 295 Ill. 508, such facts constitute a *prima facie* case against a valid delivery of the deed, and if the facts show a delivery in escrow, it is incumbent upon the grantee to overcome this *prima facie* case by evidence showing an intention on the part of the grantor that it should be delivered to the grantee upon the former's death. There is therefore in this case no presumption which can benefit appellees.

Looking then to the evidence, it appears that Emma Bergman and Mary Schmid, sisters of the deceased and aunts of appellees, testified that Anna Pelz brought the deed to them with other papers and asked permission to leave the package of papers in their safety-deposit box; that one of them went with her to the box and that she, Anna Pelz, put the deed into the box and stated that she would return, and that at no time did she request either of them to turn the deed over to the appellees or to anyone else.

Appellees called as witnesses the wife of Samuel Pelz, and his attorney of Beloit, Wisconsin, who testified that Mary Schmid had told them that Anna Pelz had left the deed with her and Emma Bergman with directions to give it to appellees upon her death. This testimony was not proof of the fact of such delivery or instruction but went merely to the question of the credibility of the testimony

of witnesses who stated that Anna Pelz had said nothing whatever about the delivery of the deed to anyone. If it tended to establish that appellant's witnesses were not telling the truth, it nevertheless cannot be treated as evidence establishing the contrary of their statements. Both Mary Schmid and Emma Bergman testified that there was no conversation concerning delivery of the deed and at best the testimony of appellees' witnesses could amount to no more than hearsay. Citations of authority by appellees concerning the presumption of the delivery of deeds are not in point here, since not analogous on the facts.

Delivery is an essential prerequisite to the validity of a deed as a conveyance. (*McClugage* v. *Taylor,* 352 Ill. 550.) Evidence which clearly manifests the grantor's intention that a deed, executed by him and placed in the hands of a third person, shall be operative as a deed and that he retain no control over its delivery to the named grantee is sufficient to show delivery. (*Huber* v. *Williams,* 338 Ill. 313; *Nofftz* v. *Nofftz,* 290 Ill. 36; *Thurston* v. *Tubbs,* 257 Ill. 465.) But under the facts before us the law places the burden upon the appellees, as grantees under the deed of Anna Pelz, to show delivery thereof, and, as we have seen, the record is entirely barren of any evidence supporting such contention. The record shows that throughout her lifetime Anna Pelz retained the control of and collected the rents from the property.

We are of the opinion that in this case the burden resting upon appellees to show delivery has not been sustained by them. The probate court of Cook county was therefore in error in dismissing the petition for an order of sale of the real estate to pay debts. Its judgment is reversed and the cause is remanded with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded, with directions.*