## OLOF JOHNSON

### *v.*

## THOMAS H. BANTOCK.

1. FORCIBLE DETAINER *by purchaser under execution—evidence required.* To recover in an action of forcible detainer, under the act of February 20, 1861, against one who remains in possession after his rights have been divested by judicial sale, the plaintiff must show a valid judgment, execution and deed.

2. CONVEYANCE—*its requisites.* No particular form of words is required in a deed, to pass the title, but it must appear from the language employed that such was the intention, and this can not be gathered from conjecture. The deed must contain apt and proper words of grant, release or conveyance, or the title will not pass.

3. An instrument executed by a sheriff to a purchaser of land at an execution sale, stating that he had sold to him certain land, describing it, and that he was entitled to a deed therefor, with a *habendum* clause, to have

and to hold said described premises to him and his heirs and assigns forever, but not containing any words of grant, release or transfer, was held inoperative as a deed to pass the title.

4. ABSTRACTS—*what they should contain.* A mere index to a record does not constitute such an abstract as the rules demand. While it is not necessary that an abstract should contain those portions of the record upon which no question is made, yet the portions upon which error is assigned should be fairly and intelligibly presented, so that the court may see, from the abstract, to what the objection is taken.

5. SAME—*must be sufficient.* The court will not feel bound to hear and decide causes upon insufficient abstracts.

WRIT OF ERROR to the Circuit Court of Henry County; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

This was an action of forcible detainer instituted by Olof Johnson against Thomas H. Bantock, to recover the possession of certain premises which the plaintiff claimed as purchaser under an execution sale thereof. The only question presented is, whether the instrument executed by the sheriff to the plaintiff was sufficient, as a deed, to pass the title. That instrument was as follows:

"Know all men by these presents, that I have this day sold to Olof Johnson and Samuel Remington the following described tract of land, to wit: The south-east quarter of the north-east quarter of section No. 29, in township No. 14, north of range four, east of the fourth principal meridian, in the County of Henry, in the State of Illinois. The above described land being the same that was sold to Joshua Johnson on execution in favor of B. F. Johnson, and against John J. Hall and Robert Duncan, on the 24th day of July, 1858, for the sum of $195 42, and redeemed on the 24th day of October, 1859, by Olof Johnson and Samuel Remington, who were judgment creditors of the said John J. Hall and Robert Duncan, by paying to me in good and lawful money for said Joshua Johnson the sum of $218 67, it being the full amount of said judgment and interest up to that date, and no more; and I

have advertised and offered the same for sale at public auction this 14th day of December, 1859, according to law; and the said Olof Johnson and Samuel Remington, by force of the statute in such case made and provided, were considered as having bid the sum of $219 88, it being the amount of said redemption money so paid by Olof Johnson and Samuel Remington, and interest thereon from the day of such redemption, up to the present time, and no more, and there being no bid greater than said amount offered, the said lands were struck off and sold to said Olof Johnson and Samuel Remington, judgment creditors, as aforesaid, at the said amount of redemption money and interest; and the said Olof Johnson and Samuel Remington are entitled to a deed for the premises so sold, to have and to hold the said described premises with all the appurtenances thereunto belonging to the said Olof Johnson and Samuel Remington, their heirs and assigns forever.

Witness my hand and seal this 14th day of December, 1859.

[SEAL.]                        PURNELL H. SMITH,
                          *Sheriff of Henry County, Illinois.*

(Duly acknowledged as a deed.)

Upon the trial below, the court held the instrument insufficient as a deed of conveyance, and rejected it as evidence. There was a verdict and judgment for the defendant. The plaintiff brings the cause to this court upon writ of error.

Mr. J. I. BENNETT, for the plaintiff in error.

Messrs. FROST & SHALLENBERGER, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The only question which we propose to consider in this case is whether the sheriff's deed is sufficient to authorize a recovery. The action was brought under the act of 1861 (Sess. Law 176)

amendatory of the law regulating the action of forcible entry and detainer. We, at the present term, held, in the case of *Johnson et al.* v. *Baker, ante. p.* 98, that to recover as a purchaser at sheriff's sale, the purchaser must show a valid judgment, execution and sheriff's deed, and failing in either he must be defeated in the action. Was the sheriff's deed, offered in evidence, valid and binding? It contains no words which import a grant, release or transfer of the land, or the title to the same. This, to every deed of conveyance, is essential. It is only by apt and proper language that title can be passed or transferred from one person to another. No particular form of words is necessary, but it must appear from the language employed that it was the intention to convey the title, and the language must purport to have that effect. We might conjecture that the sheriff intended to convey, because it was his duty to do so, and he has recited facts showing that plaintiffs were entitled to a conveyance, but that is not sufficient; it must appear from the instrument itself, and the language employed, that he intended to, and did convey and transfer the title. The deed being insufficient the action could not be maintained, and the court did right in rejecting it as evidence.

We feel compelled, although reluctantly, to call the attention of counsel to the imperfect and insufficient abstracts presented in this case and that of *Johnson et al.* v. *Baker.* They amount to no more, if so much, as an index to the records. We shall not in future feel ourselves bound to hear, or decide causes, on such abstracts, as from them we can derive no possible assistance; whilst it is not necessary to abstract such portions of the record as involve no question, still the portion on which error is assigned should be fairly and intelligibly presented by the abstract, so that the court may see to what the objection is taken. We presume that in future it will be unnecessary to call the attention of members of the bar to such an omission to comply with the rules of practice.

The judgment of the court below must be affirmed.

*Judgment affirmed.*