(No. 16118.—Decree affirmed.)
CHARLES F. PATTERSON *et al.* Appellants, *vs.* H. KENT McCAY *et al.* Appellees.

*Opinion filed October 28, 1924.*

1. DEEDS—*granting clause without words of inheritance may be limited by other language in deed.* The rule that an estate in fee given by the granting clause of a deed cannot be cut down by language in the *habendum* clause does not apply where the deed does not contain words of inheritance, but in such case the estate granted may be defined or limited by language in any part of the deed.

2. SAME—*when word "children," in granting clause, cannot be construed to mean "heirs."* Where a deed, after giving a life estate to the grantor's sister, provides that at her death the "estate is to vest in fee simple in her daughter * * * and children," the word "children" cannot be construed to mean "heirs," and a subsequent provision giving the estate to another party in case the daughter "should leave no children living at the time of her death" renders the daughter's estate defeasible upon the happening of the contingency of her death without children surviving.

3. SAME—*effect of section 13 of Conveyances act where a deed contains no words of inheritance.* Under section 13 of the Conveyances act, where words of inheritance do not appear in a deed the entire context of the instrument may be considered in determining the estate granted, and if there is no language limiting the estate it shall be deemed to be a fee.

APPEAL from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

NOLEMAN, SMITH & DALLSTREAM, for appellants.

E. B. VANDERVORT, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants filed a bill in the circuit court of Marion county, as heirs of Susan Patterson, deceased, to construe a certain deed therein set out, to quiet title, and for partition of 140 acres of land in that county, described in the deed. Appellees were made parties defendant as the heirs of Narcissa McCay.

There is no controversy as to the facts, the question involved being the construction of a deed executed by Charles F. McCay on April 9, 1883. The deed conveyed a life estate in the lands to Josepha M. Patterson, sister of the grantor. The language of the deed important to a consideration of the questions before us is as follows: "To have and to hold unto the said Josepha M. Patterson, for her sole and separate use and benefit, apart from her husband, during the term of her natural life, and at the death of the said Josepha M. Patterson the above described real estate is to vest in fee simple in her daughter, Susan Patterson, and children; and in case the said Susan should die before the said Josepha M. Patterson, or should leave no children living at the time of her death, then the above described real estate shall vest in fee simple in Narcissa McCay, wife of said Charles F. McCay, of the city of Baltimore, State of Maryland, her heirs and assigns." Susan Patterson survived Josepha, the life tenant. She was never married and died without leaving surviving child or children. The chancellor held that under the deed appellees, as heirs of Narcissa McCay, now deceased, took fee simple title to the property described in the deed and that appellants had no interest therein.

Appellants contend that Susan took the remainder in fee, and that they, as her heirs, are entitled to the property. They contend that the court did not properly construe the limitation over; that the language occurring in the *habendum* clause vested in Susan the fee simple at the death of Josepha, her mother, and that other language of the deed could not operate to cut down the estate granted to her; that where an estate in fee, with power of disposition, is granted, it cannot be cut down by language in the *habendum* clause.

At common law the use of any expression in a deed which did not contain the word "heirs" was not sufficient to create an estate in fee simple. By section 13 of the

Conveyance act it is provided in this State that every estate in lands granted, conveyed or devised, although words heretofore necessary to transfer an estate of inheritance do not appear in the instrument of conveyance, shall be deemed a fee simple estate of inheritance if a less estate be not limited by express words or does not appear by construction or operation of law to have been granted. An examination of this deed shows no words of inheritance in the granting clause. The grant was to Josepha M. Patterson for life. The rule is, that in all deeds which do not contain words of inheritance the estate granted may be defined or limited by the language used in any part of the deed, without reference to the rule of construction as to the granting clause. *Harder* v. *Matthews*, 309 Ill. 548; *Cover* v. *James*, 217 id. 309; *Welch* v. *Welch*, 183 id. 237.

We come, then, to a consideration of the language of the deed creating the limitation over. It is, in effect, that if Susan Patterson die before Josepha M. Patterson, or if she die without children living at the time of her death, the real estate shall vest in fee simple in Narcissa McCay and her heirs and assigns. Appellants' counsel contend that in the language, "should leave no children living at the time of her death," the pronoun "her" relates to Josepha M. Patterson, the life tenant, and that the term "children living" refers to children living at the time of the death of Josepha. There is no reason for this strained construction. The ordinary construction of the language appearing in this clause is, that in case Susan Patterson should die before Josepha M. Patterson, or in case Susan should leave no children at the time of her (Susan's) death, the limitation over is to take effect. No language is to be found in this deed that would justify the construction contended for, and there is therefore no reason for construing the language used in any other than its ordinary meaning. It can under no construction be contended that the fee was to go to Susan alone. By the plain language employed, the grant

was to Susan and her children. There is no reason for saying here that "children" meant "heirs." There is no uncertainty in the language used in the deed, and courts will not do violence to plain language in order to give to the word "children" a meaning different from that commonly given it. *Greenfield* v. *Lauritson,* 306 Ill. 279.

At common law the use of any expression which did not contain the word "heirs," no matter how emphatic this expression might be, resulted in the creation of a life estate, only. (Kales on Future Interests,—2d ed.—sec. 11.) Section 13 of the Conveyance act changes this rule, in that it provides that where words of inheritance do not appear the entire context of the instrument may be considered in determining the estate granted, and if its language does not limit the estate granted the same shall be deemed to be the fee. (*Harder* v. *Matthews, supra; Cutler* v. *Garber,* 289 Ill. 200; *Stoller* v. *Doyle,* 257 id. 369.) There is nothing in the deed to indicate that the grantor intended to give the fee simple title to Susan Patterson if she had no children. The language plainly is that in case she die leaving no children the fee vests in Narcissa McCay and her heirs and assigns. ·Susan Patterson did not take an indefeasible fee simple title to this property, and the contingency that she leave no children living at the time of her death happened when she died without children. The terms of the limitation over to Narcissa McCay and her heirs and assigns became operative and the fee vested in them.

The chancellor did not err in dismissing the bill of complaint and in finding the title to the land in question to be in the appellees. The decree will therefore be affirmed.

*Decree affirmed.*