(No. 15633.—Reversed and remanded.)
ADOLPHUS M. LEGOUT, Appellee, *vs.* WILLIAM M. PRICE, Appellant.

*Opinion filed October 28, 1925.*

1. DEEDS—*conveyance of present estate to heirs of living person is void.* A conveyance of a present estate to the heirs of a living person is void for uncertainty.

2. SAME—*when future estate may be limited to persons not in existence.* Future estates may be limited to persons who are not ascertained or even not in existence, provided there is a present particular estate to sustain the remainder and the grantee shall be in existence when the time arrives for the enjoyment of the estate.

3. SAME—*what words are not sufficient to convey life estate.* A conveyance to "the heirs of Adolphus Legout," followed by the proviso "that Adolphus Legout may retain the possession of and have the use of the lands above conveyed during his lifetime," is not sufficient to convey a life estate to Adolphus Legout as the words used do not convey an estate or purport to do so, and the conveyance to "the heirs" must be held void as having no particular estate to support it.

4. SAME—*a valid conveyance must contain words of grant or alienation.* While it is not essential that formal technical words be used, there can be no valid and operative conveyance of lands without some words of grant or alienation showing the intent and actually purporting to transfer the grantor's interest.

5. Same—*reservation to third party must contain words of conveyance.* A purported reservation in favor of a third person can only take effect as a grant to him by way of exception to the primary conveyance in the deed, and in such case there must be words of conveyance to the third person.

Appeal from the Circuit Court of Lawrence county; the Hon. Julius C. Kern, Judge, presiding.

Gee & Gee, for appellant.

Ben H. Townsend, Shaw & Huffman, and Kramer, Kramer & Campbell, for appellee.

Mr. Chief Justice Dunn delivered the opinion of the court:

This is an appeal by William M. Price from a decree of the circuit court of Lawrence county declaring Adolphus M. Legout, the appellee, to be the owner in fee simple of the northeast fractional quarter and the fractional southeast quarter of section 29, township 2, north, range 11, west, containing 154 acres, except 40 acres off the south end of the west half of the latter tract, and setting aside as a cloud on the title a warranty deed from Joseph Legout to the appellant, dated June 28, 1916.

The appellee is the father of Julian, Lewis and Joseph Legout and Georgia Forshier, and they are his only living children. Julian Legout, Sr., the father of the appellee, was the owner of the 154 acres of land described above, and on November 10, 1875, executed an instrument concerning it in the following language, omitting the description, the waiver of homestead and the covenants:

"This Indenture, made this tenth day of November, in the year of our Lord, one thousand eight hundred and seventy-five, between Julian Legout, of the first part, and the heirs of Adolphus Legout, of the second part,

"Witnesseth: That the said party of the first part for and in consideration of the sum of one thousand dollars, in hand paid by

the party of the second part, the receipt whereof is hereby acknowledged, has granted, bargained and sold and by these presents do grant, bargain and sell unto said party of the second part, his heirs and assigns, all the following described lot, piece or parcel of land situated in Denison Township, in the County of Lawrence and State of Illinois, to-wit: * * *

"Provided always that Adolphus Legout may retain the possession of, and have the use of the lands above conveyed during his lifetime. It is also understood and agreed that the said Julian . Legout do hereby reserve during his lifetime the rent off all the land herein conveyed that is now cleared and in cultivation except the sand hills.

"Together with all and singular the hereditaments and appurtenances thereunto belonging or in any wise appertaining and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, claim and demand whatsoever, of the said party of the first part, either in law or equity, of, in and to the above bargained premises, with the hereditaments and appurtenances.

"To have and to hold the said premises above bargained and described with the appurtenances unto the said party of the second part, his heirs and assigns forever."

Adolphus M. Legout was about thirty years old at the date of this instrument, and he had one child, Julian. Afterward three other children were born to him,—Joseph, Lewis and Georgia, who married Bert L. Forshier. On April 14, 1914, the appellee, his daughter and her husband, conveyed by warranty deed to the appellant an undivided one-fourth interest in the 154 acres for a consideration of $2000. By arrangement between the appellant and his grantors and the other children of the appellee the appellant entered into possession of the 40 acres mentioned above, which by an oral partition it was agreed should be his interest in the 154 acres by virtue of the deed to him. There is no question in this suit as to the ownership of this 40-acre tract. On June 28, 1916, the appellant obtained a deed from Joseph Legout for an undivided one-fourth of the 154-acre tract for the consideration of $4000. Adolphus took possession of the land under his father's deed and continued in possession of the 154 acres until the oral contract for

partition was made, and has since that contract been in possession of the 114 acres, claiming to have only a life estate therein, until a short time before the bringing of this suit. He told his children that they were the owners of the fee subject to his life estate, and made the same statement to others. An oil and gas lease of the 154 acres was made October 5, 1907, by him and his children to A. C. Phillips, and on May 12, 1914, another such lease was made by the same lessors to W. H. Taylor. Charles F. Breen, guardian *ad litem,* signed both leases for his ward, Joseph Legout, then a minor, and in the latter lease it was expressly agreed that during the lifetime of Adolphus he was to receive one-third of the royalties, and in case his wife survived him she was to receive, after his death, one-fifth thereof, and his children were to share, equally, two-thirds of the royalties during the life of Adolphus and four-fifths thereof during the life of his wife after his death, if she survived him, and all of it after her death, the appellant to receive Mrs. Forshier's share. The royalties were so paid to the time of the making of the deed by Joseph Legout to the appellant. In 1915 Adolphus and wife and Mrs. Forshier and husband prosecuted a suit in chancery against the appellant to have their deed to him set aside on the ground that it was fraudulently obtained and to determine the interests in the land. The first relief was denied by the court. The court decreed that Adolphus was the owner of a life estate in the lands in controversy at the time the deed was made but refused to set aside the deed.

The appellee contends that by the application of the rule in *Shelley's case* a fee simple was conveyed to him by the instrument executed by his father on November 10, 1875. The appellant contends that the rule has no application but that the heirs of Adolphus M. Legout take as purchasers. The contention of neither party can be sustained. The instrument is void for want of a grantee and is inoperative to affect the title in any way. It purports to convey a pres-

ent estate, but the grantee named is the party of the second part, "the heirs of Adolphus Legout," who is still living, and a conveyance of a present estate to the heirs of a living person is void for uncertainty. (*Ætna Life Ins. Co.* v. *Hoppin,* 249 Ill. 406; *Duffield* v. *Duffield,* 268 id. 29.) Future estates may, however, be limited to persons who are not ascertained or even not in existence, provided there is a present particular estate to sustain the remainder and the grantee shall be in existence when the time arrives for the enjoyment of the estate. (*DuBois* v. *Judy,* 291 Ill. 340; *Ætna Life Ins. Co.* v. *Hoppin, supra.*) If the instrument may be construed as conveying a life estate to Adolphus, the grant to his heirs, who will be ascertained immediately on his death, may be sustained as the grant of a future estate supported by the particular estate for the life of Adolphus. The deed contains no words purporting to convey an estate to Adolphus. It purports, first, to grant the land to the heirs of Adolphus in fee simple, and this grant is followed by the proviso, "that Adolphus Legout may retain the possession of and have the use of the lands above conveyed during his lifetime." These words do not convey an estate or purport to do so.

At common law a deed must contain words of grant, release or transfer in order to pass the title. While it is not essential that formal technical words be used, the entire want of words of conveyance cannot be supplied. There can be no valid and operative conveyance of lands without some words of grant or alienation. (*Johnson* v. *Bantock,* 38 Ill. 111.) In that case the only question presented was whether an instrument executed by the sheriff to the plaintiff was sufficient as a deed to pass the title. The instrument stated: "Know all men by these presents, that I have this day sold to Olof Johnson and Samuel Remington the following described tract of land," (describing it,) and concluded: "and the said Olof Johnson and Samuel Remington are entitled to a deed for the premises so sold, to have

and to hold the said described premises with all the appurtenances thereunto belonging to the said Olof Johnson and Samuel Remington, their heirs and assigns forever." The opinion says: "Was the sheriff's deed offered in evidence valid and binding? It contains no words which import a grant, release or transfer of the land, or the title to the same. This, to every deed of conveyance, is essential. It is only by apt and proper language that title can be passed or transferred from one person to another. No particular form of words is necessary, but it must appear from the language employed that it was the intention to convey the title, and the language must purport to have that effect. We might conjecture that the sheriff intended to convey, because it was his duty to do so, and he has recited facts showing that plaintiffs were entitled to a conveyance, but that is not sufficient; it must appear from the instrument itself, and the language employed, that he intended to, and did convey and transfer the title." There are many other decisions to the same effect, that it is necessary to the passing of title that the conveyance contain words showing an intent and actually purporting to transfer the grantor's interest. 2 Tiffany on Real Property, sec. 435; *Freudenberger Oil Co.* v. *Simmons,* 75 W. Va. 337; *Webb* v. *Mullins,* 78 Ala. 111; *Brewton* v. *Watson,* 67 id. 121; *Hummelman* v. *Mounts,* 87 Ind. 178.

The words "give, grant, bargain and sell" are frequently employed and are sufficient in any class of conveyances. Other words frequently used are enfeoff, release, alien, assure and convey. Though none of these formal technical words may be necessary, it is necessary that the conveyance contain words purporting to transfer the grantor's interest. The words "shall have and be entitled to at and after the death of the party of the first part" are not sufficient; (*Brewton* v. *Watson, supra;*) nor the words "sign over;" (*McKinney* v. *Settles,* 31 Mo. 541;) nor the words "warrant and defend." (*Hummelman* v. *Mounts, supra.*) The

declaration of the grantor in a deed that he makes a quit-claim deed to the grantee, accompanied by a description of the land, is not enough. *Weinrich* v. *Wolf*, 24 W. Va. 209.

The object of a proviso is to except something out of the general terms of the grant, statute or other instrument to which it may be attached, and this was the effect of the proviso in Julian Legout's deed,—to except the use of the lands during the lifetime of Adolphus Legout from the conveyance to his heirs, but it did not purport to convey that use to him. If the proviso is regarded as a reservation it is of no effect to pass the title to Adolphus. A purported reservation in favor of a third person can only take effect as a grant to him by way of exception to the other grant, and in such case there must be words of conveyance to the third person. (*DuBois* v. *Judy, supra;* 2 Devlin on Real Estate, sec. 982; *West Point Iron Co.* v. *Reynolds,* 45 N. Y. 703; *Littlefield* v. *Mott,* 14 R. I. 288; *Haverhill Savings Bank* v. *Griffin,* 184 Mass. 419; *Stone* v. *Stone,* 141 Iowa, 438; *Hornbeck* v. *Westbrook,* 9 Johns. 73; *Herbert* v. *Poe,* 72 Md. 307; *Strasson* v. *Montgomery,* 32 Wis. 52; *Beardslee* v. *New Berlin Light and Power Co.* 207 N. Y. 34; *Redding* v. *Vogt,* 140 N. C. 562.) The words "retain and have the use of" do not purport to convey anything, and the instrument cannot be regarded as conveying a life estate to Adolphus. Since there was no conveyance to him of a life estate, the attempted conveyance to his heirs in his lifetime was void and the instrument was wholly ineffectual.

The appellee had no such title as would sustain his bill, and the decree must be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*