(No. 25331.—

RICHARD H. SAUNDERS *et al.* Appellees, *vs.* FREDERICK R. SAUNDERS *et al.*—(D. E. BRANSTETTER *et al.* Appellants.)

*Opinion filed February 13, 1940—Rehearing denied April 3, 1940.*

SMITH & MENZIMER, for appellants.

FRANK E. MAYNARD, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:
Lillian F. Saunders was the owner of a farm in Winnebago county which, on January 24, 1927, she and her husband, Frederick, conveyed by quitclaim deed, to Richard H. Saunders and Walter S. Saunders, their children. The deed was the ordinary quitclaim form describing the real estate and waiving homestead. Then follows this provision: "The aforesaid grantors hereby expressly reserve unto themselves the use of the above conveyed premises for and during the time of their natural lives." Lillian F. Saunders died February 1, 1927, leaving her husband and her two sons, the above named grantees, as her only heirs. After the death of his wife, Frederick and his son Walter S. Saunders, lived on the farm until 1936. In 1933, one Winifred Hills foreclosed a mortgage on certain other property owned by Frederick R. Saunders and obtained a deficiency decree of $535.07. Execution was issued upon this decree and levied upon the interests of Frederick R. Saunders in the farm, upon the assumption that he held a life estate therein. Richard H. and Walter S. Saunders filed a suit to quiet title to the land, claiming they were the owners in fee and that, after the death of their mother, their father, Frederick, had

no right or interest of any kind in the premises. The circuit court found that Frederick R. Saunders had a life estate in the premises as the surviving husband of Lillian Saunders. The Appellate Court for the Second District, upon appeal, reversed the decree of the circuit court and held that upon the death of Lillian F. Saunders all rights of Frederick R. Saunders were extinguished. An appeal to this court has been allowed. The Appellate Court had no jurisdiction because a freehold was involved but since the cause is properly in this court by petition, we will not remand merely for the purpose of transferring the cause. *People* v. *Kingery,* 368 Ill. 205.

The principal question involved is what right, if any, was acquired by Frederick R. Saunders, the surviving husband, under the reservation contained in the deed. It does not appear that the effect of such a reservation has been expressly passed upon by this court although statements are found in several cases that a life estate is reserved to both of them.

It is a general rule that in a deed of conveyance a reservation by the owner is effective only in favor of the grantor, upon the theory that it holds back some interest from the estate conveyed, and that, ordinarily, such a reservation cannot vest an interest in a third party unless words of grant are used. (*Legout* v. *Price,* 318 Ill. 425; *Johnson* v. *Bantock,* 38 id. 111; *DuBois* v. *Judy,* 291 id. 340.) It has, however, been stated a number of times in different cases, that a reservation of a life estate to each grantor in a deed made by husband and wife operates as an exception to the common law rule and is effective to give them each a life estate. (*Douglas* v. *West,* 140 Ill. 455, 463; *White* v. *Willard,* 232 id. 464; *Bullard* v. *Suedmeier,* 291 id. 400; *DuBois* v. *Judy, supra.*) However, the Appellate Court held that such statements contained in these cases were mere *dicta* and that, under the holdings in *Bullard* v. *Suedmeier,*

*supra,* and *Legout* v. *Price, supra,* there is no distinction in the legal requirements of a reservation made to a stranger and one to the husband or wife of the owner of the property. In *Douglas* v. *West, supra,* a deed was made and delivered, which contained a clause by which the grantors, husband and wife, reserved "to themselves and either of them absolute control of said property during their lives." The question involved in that case was delivery of the deed, and in commenting upon the effect of handing a deed to a third person it is said: "As the deed upon its face provided for the control of the property by the grantors during their lives, the delivery of the deed to Mrs. Moore for the benefit of the owners of the reversionary estate and with the intention of vesting the fee in the grantees subject to the life estate, was consistent with the exercise of such control over the property by the grantors, and did not in any way interfere with their right to control the premises, nor diminish or abridge the interest reserved to them by the terms of the instrument." The case of *White* v. *Willard, supra,* presents a different situation. The grantor, Charles H. Willard, had two sets of children. He deeded 40 acres to the children of his first wife and then, in a will, made provision that two younger children were to each receive 40 acres. Later, he and his wife, Ruth, conveyed a large tract of land to three older children and also made the questioned deed to the two younger children. After using words of grant to the sons, the deed contained the following words: "But the grantors herein hereby expressly reserve the use and absolute control of said premises for and during the period of their natural lives, and the title of said grantees as joint tenants, in equal parts, in said land shall become absolute only on the death of the said Charles H. Willard and Ruth A. Willard, or the survivor of either of them." The circuit court held said deeds to be invalid because they were testamentary in character. In reviewing the case this court said,

at page 471: "In the view we take of the foregoing clause it has no other effect than to reserve a life estate in the grantor and his wife and the survivor of them," etc. Comment as to the legal effect of said deed in other respects, not pertinent here, was also made and the cause was remanded with directions to dismiss the bill for want of equity. The effect of this decision was to place the life estate in the surviving wife and the remainder in the designated grantee. In *DuBois* v. *Judy, supra,* while the language used was not necessary to the opinion, this court said: "Strictly, a reservation in a deed is some right in favor of the grantor created out of or retained in the granted premises. The purported reservation in favor of a third person can only take effect as a grant to him by way of exception to the other grant, and in such case there must be words of conveyance to the third person, except that a grantor may reserve to himself and his wife an estate during their natural lives, which will continue during the life of the survivor." (Citing *White* v. *Willard, supra.*) In *Bullard* v. *Suedmeier, supra,* in commenting upon this question the court said: "It was implied in *Douglas* v. *West,* 140 Ill. 455, and stated as the law in *White* v. *Willard, supra,* that a grantor may reserve to himself and wife an estate during their natural lives, which will continue during the life of the survivor, and under that rule, if Christian Suedmeier had done so by express words his widow would have had a life estate in the 400 acres of land after his death." Of these cases *White* v. *Willard, supra,* is the only one in which the judgment of the court directly resulted in vesting in the surviving spouse the life estate reserved for her by the other.

It is claimed by appellees that *Legout* v. *Price, supra,* holds directly to the contrary, and that the language contained in *Bullard* v. *Suedmeier,* was unnecessary and that actually, a different result reached. In *Bullard* v. *Suedmeier, supra,* the deed was to Suedmeier's children, signed by himself and wife, and contained the following clause:

"This conveyance shall not take effect during the lifetime of the grantors, Christian Suedmeier and Anna Suedmeier." The court held that Christian Suedmeier had not made a reservation of an interest but merely postponed the time when the deed would take effect until the death of both himself and his wife, and he having died first, there was left undisposed of an estate *pur autre vie,* and the case was decided upon the peculiar properties of such estate.

In *Legout* v. *Price, supra,* one Julian Legout executed a deed in which the heirs of Adolphus Legout were the grantees, Adolphus being the son of the grantor. It contained the following additional provision: "Provided always that Adolphus Legout may retain the possession of, and have the use of the lands above conveyed during his lifetime. It is also understood and agreed that the said Julian Legout do hereby reserve during his lifetime the rent off all the land herein conveyed." It was held that Adolphus took no title because "a purported reservation in favor of a third person can only take effect as a grant to him by way of exception to the other grant, and in such case there must be words of conveyance to the third person." It will be observed that this deed did not reserve an estate to husband and wife, and the person to whom it was reserved came within the strict common law rule as being a third person.

From a resumé of the only Illinois authorities cited that seem to bear upon the question it will be seen that the case of *White* v. *Willard, supra,* is the one closest in point, and while the effect of that case was to enforce in favor of both husband and wife a reservation substantially the same as here, the judgment in that case was predicated on other grounds.

Upon analysis it would seem that there is a sound basis for holding there is a distinction between a reservation in a deed in favor of a grantor and his wife and one in which the grantor reserves an interest to a third person not pres-

ently interested in the property granted or cónveyed. If in the case before the court Lillian Saunders had delivered the deed to her sons without the signature of her husband, and died, the latter would have had a homestead estate in the premises and become entitled, as heir, to a one-third part thereof, or could have elected to take dower under the statute. (Ill. Rev. Stat. 1939, chap. 39, sec. 1.) The husband, under such circumstances, has such a present interest in the property by way of homestead, or such an indefeasible interest as heir or by way of dower, that the combined interest of husband and wife in the property might be deemed sufficient to support the reservation of a life estate to either or both of them, by their joint execution of a deed which conveyed or waived all of their rights.

In *Abel* v. *Schuett,* 329 Ill. 323, a deed to children, with the same reservation, was considered by the court as a family settlement, and in *Board of Missions* v. *Mayo,* 81 Fed. (2d) 449, it was held that a power to substitute another beneficiary, reserved in favor of the grantor's wife by the deed, was enforceable as having been received in consideration of an inchoate right of dower.

We see nothing inconsistent, in view of the rights which husband and wife have or may acquire in each other's property, in holding that they, together, have sufficient interest in the property to support a reservation of a life estate to both, without express words of grant from the one holding the legal title.

Nobody can doubt the intention of both parties to the deed in question, which was that each of the grantors should enjoy the use of the property as long as they, respectively, lived, and to accomplish that purpose adopted a form of conveyance that has been sanctioned by this court for almost fifty years.

Our attention has been called to the case of *Lemon* v. *Lemon,* 273 Mo. 484, 201 S. W. 103, where a different conclusion was reached. The weight of authority, however,

supports the view that a deed of the kind here involved operates as giving both husband and wife a life estate. (*McDonald* v. *Jarvis,* 64 W. Va. 62, 60 S. E. 990; *Haines* v. *Weirick,* 155 Ind. 584, 58 N. E. 712; *Durham* v. *Hovey,* 295 Mich. 243, 161 N. W. 883; *Hall* v. *Meade,* 244 Ky. 718, 51 S. W. (2d) 974; *Boyer* v. *Murphy,* 202 Cal. 23, 259 Pac. 38.) In *Hall* v. *Meade, supra,* the authorities are reviewed and such a deed sustained, largely upon the proposition that if the intention in a deed is manifest, the instrument should be construed without regard to technical rules of construction, and that such intention will control even though it be inaptly or awkwardly expressed or out of touch with other parts of the instrument.

We are of the opinion that the deed under consideration gave Frederick R. Saunders a life estate after the death of his wife and, consequently, the judgment of the Appellate Court for the Second District is reversed, and the decree of the circuit court of Winnebago county affirmed.

*Judgment of Appellate Court reversed.*
*Decree of circuit court affirmed.*