(No. 30643.—

LULU SHADDEN *et al.,* Appellants, *vs.* WILLIAM F. ZIMMER-LEE *et al.,* Appellees.

*Opinion filed September 24, 1948.*

Raphael E. Yalden, of Rockford, for appellants.

Maynard & Maynard, (Frank E. Maynard, of counsel,) both of Rockford, for appellees.

Mr. Chief Justice Fulton delivered the opinion of the court:

This is an appeal from the circuit court of Winnebago County from an order of said court finding that an instrument moving from one Myrtle Mae Zimmerlee, now deceased, to William F. Zimmerlee, one of the defendants herein, was a deed, sufficient to convey title in certain property to the said William F. Zimmerlee.

It appears from the record herein that William F. Zimmerlee, heinafter called defendant, was married to one Myrtle Mae Zimmerlee in 1941. Myrtle Mae Zimmerlee had five children by a previous marriage, two being the

plaintiffs herein, Lulu Shadden and Henry Chance, and three, James Chance, Jay Chance and Leona Wilsey, being additional defendants.

On July 9, 1942, the defendant purchased, with his private funds, the land here in question and had the same placed in joint tenancy with his wife. Subsequently the defendant was threatened with a lawsuit, and upon the advice of counsel, he placed the land by deed in his wife's name. He continued in active control of the land and paid taxes upon it up to the date this suit was started.

Shortly prior to April 20, 1944, Myrtle Mae Zimmerlee became ill and executed a document purporting to be a deed dated April 20, 1944. Since this document is of extreme importance in the decision of this cause, it is set out here in full.

"Apr 20 - 1944　　　　Rockford Ill.　　　　Quick Claime Deed

Asinment to B. F. Zimmerlee

My interest it said piece of property consisting of 8 eight lots in Winebago County Ill. as described upon the plat of G. W. Gilbert's Sub. being a part of the South West quarter of Section 16 town 44 N. R. 1 E. of the 3rd p. M. the plat of which Subdivision is recorded in Book 20 of plat on page 45 in the Recorder's ofice of Winnebago County Ill. and the above maned being my (husband said property is his) to hold and sell and use the the prosedes as long as he shall live

this is my last wish

Myrtle Zimmerlee
witness—Mrs. Bessie F. Malone

Notary Public　　Lenna Smith
Rockford, Ill. [SEAL]"

This instrument was filed for record on July 11, 1944, in the recorder's office in Winnebago County.

Shortly after executing this document, Myrtle Mae Zimmerlee died and thereafter the defendants James Chance, Jay Chance and Leona Wilsey executed quitclaim deeds to

the property to their stepfather, W. F. Zimmerlee. On November 8, 1946, the two remaining children, the plaintiffs herein, filed their complaint to set aside the conveyance of Myrtle Mae Zimmerlee and for an accounting and partition, setting up the fact, among other things, that the instrument herein was void.

An answer and cross complaint were filed on behalf of the defendant William Zimmerlee, wherein he asks that the partition suit of the appellants be dismissed and that the title to the property in question be declared to be in him. The sole question under the record and the briefs filed herein is the construction to be given to the instrument set out above.

In assigning errors in the trial court and in asking that the decree of the trial court be reversed, the plaintiffs state that the instrument in question is insufficient because: (1) it contains no words of grant; (2) it was not under seal; (3) it was not acknowledged; and (4) that the defendant comes into equity with unclean hands inasmuch as he conveyed the property to his wife to avoid a judgment which was threatened in another lawsuit.

In support of the contention that the instrument in question does not contain words of grant, the plaintiffs herein cite *Johnson* v. *Bantock,* 38 Ill. 111, *Cross* v. *Weare Commission Co.* 153 Ill. 499, and *Legout* v. *Price,* 318 Ill. 425.

*Johnson* v. *Bantock,* 38 Ill. 111, involved a sheriff's deed. The instrument therein stated, "I have this day sold," and that the purchasers "are entitled to a deed for the premises so sold, to have and to hold the said described premises, with all the appurtenances thereunto belonging to" the purchasers, their heirs and assigns forever. This court therein held that the deed contained no words which import a grant, release or transfer of the land. We said, "No particular form of words is necessary, but it must appear from the language employed that it was the intention to convey the title and the language must purport to

have that effect. We might conjecture that the sheriff intended to convey because it was his duty to do so, and he has recited facts showing that the plaintiffs were entitled to a conveyance, but that is not sufficient; it must appear from the instrument itself, and the language employed, that he intended to, and did convey and transfer the title."

In *Cross* v. *Weare Commission Co.* 153 Ill. 499, the controversy was between an execution creditor and a mortgage creditor as to whether the judgment of the one or the mortgage of the other was entitled to priority of lien. In that case this court used language similar to that used in *Johnson* v. *Bantock,* 38 Ill. 111, saying, "It is not essential, that the instrument of conveyance should follow any exact or prescribed form of words, provided the intention to convey is expressed. To make a conveyance valid, it is sufficient, in general, that there be parties able to contract and be contracted with, a proper subject matter sufficiently described, a valid consideration, apt words of conveyance, and an instrument of conveyance duly sealed and delivered."

*Legout* v. *Price,* 318 Ill. 425, cited the case of *Johnson* v. *Bantock,* 38 Ill. 111, and stated, "There are many other decisions to the same effect, that it is necessary to the passing of title that the conveyance contain words showing an intent and actually purporting to transfer the grantor's interest."

In all these cases, certain language was held to be sufficient or insufficient at law, as the case may be, but, it is to be noted, each stresses the intent of the parties as the prime factor to be considered.

In arguing this same proposition, the defendant states that formal words of grant are not necessary and, in support of his statement, cites the cases of *Bear* v. *Millikin Trust Co.* 336 Ill. 366, *Barnes* v. *Banks,* 223 Ill. 352, *Patterson* v. *McCay,* 313 Ill. 491, *Williams* v. *Swango,* 365 Ill. 549; *Trapp* v. *Gordon,* 366 Ill. 102, and *Brunotte* v. *DeWitt,* 360 Ill. 518.

*Bear* v. *Millikin Trust Co.* 336 Ill. 366, involved a suit for partition of certain lands and cancellation of a deed executed by an ancestor in his lifetime. In that case we said, "A deed will, if possible, be construed so as to effect the intention of the parties as gathered from a consideration of the whole instrument, and in ascertaining the intention, courts are not confined to a strict and literal construction of the language used, when such construction will frustrate the intention of the parties, gathered from a consideration of the whole instrument."

In *Barnes* v. *Banks,* 223 Ill. 352, the court was confronted with the construction of an instrument which stated, "I present you on this your 33d birthday, with the house and premises now occupied by you," and which went on to describe more fully the premises mentioned. As in the instant case, the argument was made that it was essential that every deed of conveyance must contain words which import a grant, release or transfer of the land or the title to the same, as it is only by apt and proper language that title can be passed or transferred. In that case we held that the written instrument was a gift to the appellee from the father and that it was absolute and irrevocable and passed to the appellee the title in fee simple to the premises designated in that instrument.

The theory enunciated by the courts in this class of cases is that the intention of the grantor should be given effect wherever possible. For example, in *Williams* v. *Swango,* 365 Ill. 549, involving a suit for partition, we said, "The paramount rule of construction of deeds is that the intent of the grantor is to be collected from the whole instrument. Such a construction should be given the deed as carries into effect such intention, where it is legal, rather than a construction which would defeat the intent." We also said that, "It becomes important to look to surrounding circumstances to determine if, in them, there be any evidence to indicate the construction placed by the parties

upon the words used in the deed. Equity will seek best to discover and carry into effect the real intention of the parties." In *Trapp* v. *Gordon,* 366 Ill. 102, similar language was employed. We said, "This is a suit in equity, and courts of equity look to the substance rather than to the form of written instruments, and seek to discover and carry into effect the real intention of the parties, gleaned not only from the written instruments they executed, but from their subsequent acts and conduct with reference thereto."

A study of the cases cited by both the plaintiffs and the defendant indicates that the court in every type of case, either in law or in equity, considers, insofar as possible, the intent of the grantor as collected from the entire instrument. Even those cases cited by the plaintiffs indicate a consideration of the intention of the grantor. In equity, formal words of grant are not considered necessary. (*Barnes* v. *Banks,* 223 Ill. 352.) With the authority of these cited cases before us, it would seem, upon an examination of the document and from the facts disclosed by this record, that Myrtle Mae Zimmerlee conveyed by a valid deed in equity the property herein in question. As to the need for definite words of grant, the rule of *Barnes* v. *Banks,* 223 Ill. 352, is sufficient to obviate the need for any such exact words. In the present case the trial court properly pointed out in discussing this phase of the argument that the instrument itself is designated a quitclaim deed. Further, the trial court discussed the question of the word "assignment" and the fact that the grantor assigned her interest in said property to William Zimmerlee. In construing the entire document, it seems that the fair intention of Myrtle Zimmerlee was to convey the property to Zimmerlee and there was no other intention expressed in the instrument. In fact, the only intention that can be derived from a study of the entire document is that Myrtle Mae Zimmerlee conveyed her entire interest in the property

to Zimmerlee and felt, at the time, that this was the proper means of so doing.

A further consideration of the facts bears out this construction. These same cases hold that the conduct of the parties may be examined to determine the intent. Zimmerlee had purchased the property with his own funds and had taken the title in the name of himself and his wife as joint tenants. At the time of the possible suit against him, he conveyed his interest in the property to his wife and, while she held title, still expended money on the property. Prior to her death, she executed the instrument in question and after her death he expended further sums of money and entered into contracts for the sale of property with no denial on the part of anyone as to his right to do so. Prior to the execution of the document, he discussed the matter with her, and continued to pay the taxes on the land. Under the authority of *Barnes* v. *Banks,* 223 Ill. 352, we, therefore, hold that no formal words of grant were necessary and that, under the rule of *Bear* v. *Millikin Trust Co.* 336 Ill. 366, *Brunotte* v. *DeWitt,* 360 Ill. 519, and *Williams* v. *Swango,* 365 Ill. 549, no other conclusion as to the intention of the parties, than that this was intended as a deed to Zimmerlee, is possible.

It is not necessary to discuss at great length the second point raised by the plaintiffs, namely, that the deed is void because not under seal. *Durbin* v. *Carter Oil Co.* 378 Ill. 32, *Irwin* v. *Powell,* 188 Ill. 107, *Barrett* v. *Hinckley,* 124 Ill. 32, and *Barger* v. *Hobbs,* 67 Ill. 592, are all cited by plaintiffs for the proposition that a sealed instrument is necessary to convey the legal title to real estate. These cases are properly cited for the general rule that a deed must be under seal to pass legal title to real estate. There is a further authority, however, setting up an exception to this general rule, which is to the effect that an instrument defective as a deed for want of seal, will bind the grantor and his heirs and is good as against a subsequent

purchaser who has notice. (*Wilson* v. *Kruse,* 270 Ill. 298.) In the instant cause it cannot be argued under this holding that Myrtle Mae Zimmerlee could seek a defeat of the instrument on the ground that it was not under seal and the same rule holds true as to the plaintiffs, her heirs.

It should be further pointed out that this is a suit in equity, and, in equity, a good title may be conveyed by a writing not under seal or without any writing whatever. (*Barnes* v. *Banks,* 223 Ill. 352; *Ashelford* v. *Willis,* 194 Ill. 492.) It appears, therefore, that regardless of whether this suit was brought in law or in equity the plaintiffs are precluded from raising the point that the document in question was not under seal.

It will be noted that *Durbin* v. *Carter Oil Co.* 378 Ill. 32, cited by the plaintiffs, cites both *Barnes* v. *Banks* and *Ashelford* v. *Willis,* which cases speak with approval of the rules just enunciated.

The plaintiffs further contend that the deed is invalid for want of acknowledgment, and cite *Merritt* v. *Yates,* 71 Ill. 636. In that case this court held that it must appear certainly from the certificate not only that a married woman executed the deed, but that she acknowledged its execution. The defendant, on the other hand, calls attention to the cases of *Robinson* v. *Robinson,* 116 Ill. 250, and *Roane* v. *Baker,* 120 Ill. 308, on the proposition of need of acknowledgments. In *Robinson* v. *Robinson,* we held that it was not essential to the validity of a deed that the notary seal should be attached and that a deed may be valid and binding on the parties who execute it without any acknowledgment before an officer. We further stated that the purpose of the certificate of acknowledgment is to prove the execution of the deed, and where there is no certificate of acknowledgment, other proof may be resorted to to prove the execution of the instrument, and, when thus proved, the deed is as operative and binding on the parties as it would be if properly acknowledged. There

has never been any question raised in this record as to the fact that Myrtle Mae Zimmerlee executed the document in question. Since it is admitted by all parties that she did execute the instrument, it is not necessary for the document to be acknowledged. Under the rule of the *Robinson case,* the only purpose of the acknowledgment would be to prove the execution of the instrument by Myrtle Mae Zimmerlee. Inasmuch as the question of execution of the instrument has not been attacked by the plaintiffs, we must take the execution of the instrument as accomplished and the acknowledgment becomes unnecessary under the law. In *Roane v. Baker,* 120 Ill. 308, we further held that a deed was valid as between the parties to it without being acknowledged. Under these authorities it is certain that, if Myrtle Mae Zimmerlee could not raise the point of lack of acknowledgment against her husband, her heirs cannot, under the same set of circumstances, raise that point. We hold that the acknowledgment was not necessary to pass title under the instrument in question.

The last contention of the appellants herein is that inasmuch as Zimmerlee deeded the property to his wife when he was threatened with litigation, he now comes into equity with unclean hands and cannot now appeal to a court of equity to help him substantiate an instrument which will extricate him from a situation in which he now finds himself due to his fraudulent transfer. In support of this contention the appellant cites *McGregor v. Keun,* 330 Ill. 106, *Dickson v. Keehn,* 263 Ill. App. 146, and *Ashelford v. Willis,* 194 Ill. 492. *McGregor v. Keun* involved the mental condition of a person, which mental condition was the subject matter of the lawsuit. In *Dickson v. Keehn,* the parties charged with unclean hands were involved in a lawsuit. In *Ashelford v. Willis,* the lawsuit involved an easement and a decree for the appellant would result in a fraud on the appellee involving the easement itself. The cases cited by the plaintiffs herein correctly

state the rule that a person cannot come into equity with unclean hands and seek justice. We state the rule to be, however, that the maxim is limited in its application to where the substance of the thing itself is inequitable and the inequity must apply to the particular subject matter. (*Mills* v. *Susanka,* 394 Ill. 439.) It is not sufficient to bar relief that inequitable conduct should relate to the proof of some item or some fact, and where the origin of the claim is not inequitable, a fraudulent act in relation to it will not bar relief.

We do not take the position that the transfer of the property in question from William Zimmerlee to Myrtle Mae Zimmerlee was a fraudulent act. That point is not before this court. Assuming it to be fraudulent, for the purpose of decision, the rule above invoked, and which was stated in *Barnes* v. *Barnes,* 282 Ill. 593, would answer the contention as raised by the plaintiffs. It cannot be contended that the claim here is inequitable. There was no harm to the plaintiffs by reason of the transfer to the wife. It is not claimed by them or anybody in this suit that Myrtle Mae Zimmerlee could have raised this point in a case involving the ownership of the land between her and her husband. In *American University* v. *Wood,* 294 Ill. 186, cited by the defendant herein, we said that the maxim as to unclean hands was never intended to bar everyone guilty of wrongful conduct from relief in equity, but, to bar relief on the ground of unclean hands, the item complained of must have some relation to the rights of the parties arising out of the transaction. In the instant case, there is nothing in the act of William Zimmerlee transferring the property to his wife that affected the plaintiffs in any way other than to give them a claim in this suit as heirs of their mother. In *Pitzele* v. *Cohn,* 217 Ill. 30, we stated, "the wrongdoing which will defeat a recovery on the ground that a litigant does not come into a court of equity with clean hands, must be in regard to the matter

in litigation, and does not apply to the misconduct of the complainant in other matters not immediately connected with the then pending litigation." The rule of these cases .applies here, and we hold that the defendant William F. Zimmerlee is not barred in equity by the unclean-hands doctrine.

For the reasons stated herein, the decree of the circuit court of Winnebago County is affirmed.

*Decree affirmed.*