PAUL J. FOSTER, Plaintiff-Appellee, v. PATRICIA ERICKSON FOSTER, Defendant-Appellant.

Third District    No. 3—94—0775

Opinion filed June 29, 1995.

Safford, West, Tornow & Jaeger, of Peoria (Philip Jaeger, of counsel), for appellant.

Heiple & McMillan, of Peoria (Bradley S. McMillan, of counsel), for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Paul Foster filed a forcible entry and detainer action against his stepmother, Patricia Erickson Foster. Both parties filed motions for summary judgment. The trial court denied Patricia's motion and granted Paul's motion. Patricia appeals. We affirm in part, reverse in part, and remand for further proceedings.

## FACTS

Decedent Joseph Foster executed a deed dated October 19, 1992, stating that he,

"for and in consideration of the sum of one dollar ($1.00) and other good and valuable considerations and love and affection, in hand paid, convey[ed] and warrant[ed] to Paul J. Foster, *** the following described real estate, to-wit:

* * *

(As a part of the consideration hereof, Grantor reserve[d] unto himself and Patricia A. Erickson a joint life estate in the premises which shall terminate upon both of their deaths or permanent removal of occupancy thereof;)

* * *

Address of property: 18703 N. Krause Road Chillicothe, Illinois 61523."

Prior to the execution of the deed, Patricia Erickson Foster had no legal interest in the subject property, although she had resided there beginning sometime before October 16, 1992.

Patricia and Joseph were married on October 21, 1992. On November 11, 1992, Joseph Foster executed a second codicil to his will, leaving Patricia his "residential real estate, both for the term of her natural life or until she voluntarily removes herself from said house," provided that she maintain the property and pay the taxes and insurance. Joseph died on November 15, 1992, and Paul Foster, his son and co-executor of his will, admitted the second codicil to probate on November 20.

Paul included Patricia's life estate "in real estate and dwelling house commonly known as 18703 N. Krause Road" in the inventory of Joseph's probate estate. A letter dated May 24, 1993, from one of Paul's attorneys listed all of the items in the probate inventory in which Patricia had an interest, "except her use of the home residence." On May 26, 1993, more than six months after Joseph's death, the October 19 deed was recorded. On November 30, 1993, another of Paul's attorneys sent a letter to Patricia's attorneys noting her obligation to insure the property. Patricia stated in an affidavit that Paul did not challenge her right to possession of the property prior to May 25, 1994, 18 months after Joseph's death.

On June 9, 1994, Paul filed the instant forcible entry and detainer action, claiming in count I that he had a superior right to possession of the property and, in count II, that he was entitled to receive rent from Patricia for the period following his father's death. The complaint did not allege that Paul had an interest in the property under the deed nor was a copy of the deed attached to the complaint.

In her answer, Patricia denied Paul's right to possession of the residence and pleaded the affirmative defenses of estoppel, *laches*,

and unclean hands; she also counterclaimed for damages and to be declared the life tenant of the property. She continued to live in the house until she was evicted pursuant to the instant action.

Paul attached a copy of the October 19 deed to his motion to strike Patricia's answer, affirmative defenses, and counterclaim. The trial court struck the counterclaim, but did not rule on the affirmative defenses.

On August 3, Paul filed a motion for summary judgment and attached an incomplete copy of the deed. Patricia filed a cross-motion for summary judgment and moved to strike Paul's motion on August 10. After a hearing, the trial court granted Paul's motion as to count I and denied both of Patricia's motions. Patricia appeals.

## ISSUES

Although several questions are raised in this appeal, we need address only the following issues: (1) whether this court has jurisdiction under Rule 304(a) (134 Ill. 2d R. 304(a)), (2) whether the trial court properly ruled on the parties' cross-motions for summary judgment, and (3) whether Patricia is entitled to counterclaim regarding her right to a life estate in the premises.

## 1. APPELLATE JURISDICTION

■ On November 15, 1994, Paul's attorney filed a motion to dismiss Patricia's appeal for want of appellate jurisdiction under Illinois Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) because count II of Paul's complaint had not yet been decided. He contended that without a statement from the trial court that "there is no just reason for delaying enforcement or appeal," we lacked jurisdiction under Rule 304(a).

This court denied the motion on November 30, 1994, because the absence of Rule 304's precise wording from the trial court's order did not conclusively preclude appellate jurisdiction. (See *In re Application of Du Page County Collector* (1992), 152 Ill. 2d 545, 549-50, 605 N.E.2d 567, 569-70.) We now reaffirm our prior decision; the trial court's written determination that "[e]xecution may issue on or after September 23, 1994," was sufficient to create a final executable and appealable order on count I of the complaint under Rule 304(a). See *Ratkovich v. Hamilton* (1994), 267 Ill. App. 3d 908, 911, 642 N.E.2d 834, 837.

## 2. CROSS-MOTIONS FOR SUMMARY JUDGMENT

### A

■ Summary judgment is granted only if no material questions of fact remain and the issues may be decided as a matter of law. (735 ILCS 5/2—1005(c) (West 1992); *Hotze v. Daleiden* (1992), 229 Ill. App.

3d 301, 305, 593 N.E.2d 564, 566, *appeal denied* (1992), 146 Ill. 2d 627, 602 N.E.2d 452.) The right to summary judgment must be clear beyond question when the pleadings, affidavits, and depositions are viewed most strongly against the movant and in favor of the opponent. *Hotze*, 229 Ill. App. 3d at 305, 593 N.E.2d at 566.

On appeal, Patricia argues that the issues of whether there was delivery and acceptance of the deed are material questions of fact which must be reviewed by a fact finder. Paul claims that the validity of the deed attached to his motion for summary judgment is irrelevant and must be considered in a separate equitable proceeding to set aside the deed due to the limited scope of this forcible entry and detainer action.

The trial court granted summary judgment to Paul on the basis of the language in the deed attached to his motion. If the deed had not been properly delivered and accepted, it could not have conveyed a valid right to possession of the subject property. (*Seibert v. Seibert* (1942), 379 Ill. 470, 477-78, 41 N.E.2d 544, 547; *Redmond v. Gillis* (1931), 346 Ill. 223, 230, 178 N.E. 504, 507.) Absent evidence of a superior right to possession, Paul's motion for summary judgment could not have been properly granted. The deed's validity is crucial to our determination in this case.

■ In order to prove the valid delivery of a deed, a grantee must affirmatively show that the grantor intended title to pass at that time. (*Seibert*, 379 Ill. at 478, 41 N.E.2d at 547.) "[P]lacing a deed in the hands of a grantee does not constitute delivery where it is shown the intention of the parties was that it was not to become operative immediately and where such intention is evidenced by continued acts of ownership and operation." (*Seibert*, 379 Ill. at 478, 41 N.E.2d at 547; *Redmond*, 346 Ill. at 232, 178 N.E. at 508.) Where the grantee obtains possession of and records the deed after the grantor's death, delivery is not presumed. (*Smith v. Pelz* (1943), 384 Ill. 446, 451, 51 N.E.2d 534, 537.) Any presumption of delivery and acceptance has "no force when confronted with evidence, even of the slightest character." *Redmond*, 346 Ill. at 231, 178 N.E. at 508.

■ Also, mere physical possession of a deed does not conclusively prove its acceptance by the grantee. Where the facts and circumstances indicate a lack of acceptance, acceptance will not be presumed. (*Seibert*, 379 Ill. at 478, 41 N.E.2d at 548.) In *Seibert*, the grantee had physical possession of the deed but did not record it until 13 years after its execution. Prior to recording, the grantee made no attempt to "assume dominion over the property deeded to him" and regularly paid rent without objection to the record titleholder during the seven years he lived on the premises. (*Seibert*,

379 Ill. at 478-79, 41 N.E.2d at 548.) Under these circumstances, the court found that the grantee's conduct overwhelmingly manifested "an intention to dissent from acceptance." (*Seibert*, 379 Ill. at 479, 41 N.E.2d at 548.) Where the facts and circumstances indicate the grantee's lack of acceptance, "a deed will not operate by a presumed assent and, accordingly, becomes inoperative." *Seibert*, 379 Ill. at 478, 41 N.E.2d at 548.

█ The record in the instant case shows that, as co-executor of Joseph's will, Paul included Patricia's life estate in the inventory of the probate estate. In a letter dated May 24, 1993, Paul's attorney recognized Patricia's life estate by listing all of the items in the probate inventory in which Patricia had an interest, "*except her use of the home residence*" (emphasis added). On November 30, 1993, another of Paul's attorneys sent a letter noting Patricia's obligation to insure the property; the second codicil to the decedent's will imposed a similar duty. If Patricia had not received a life estate under the deed, Paul would have had a fee simple absolute after Joseph's death, and any duties regarding the property that had been imposed on Patricia under the terms of the will would have been inapplicable.

In an affidavit attached to her response to Paul's motion for summary judgment, Patricia asserted that Paul failed to challenge her right to remain on the property until 18 months after Joseph's death, refuting his current claim of ownership. Paul acknowledges that the deed was not filed until six months after Joseph's death. While Paul allegedly made no attempt to obtain possession or control of the property under the deed prior to May 25, 1994, his lack of action appears to evidence an intent not to accept the deed.

The record is sufficient to overcome any presumption of delivery and acceptance and raises material questions of fact regarding the validity of the deed. Under these circumstances, summary judgment for either party was inappropriate.

## B

█ Patricia also contends that the deed's language creates an ambiguity concerning the grantor's intent, requiring further consideration by the trial court.

The language in a deed is given its strict legal meaning without regard to parol evidence whenever possible; however, the primary goal of deed construction is to effectuate the parties' intent. (*Urbaitis v. Commonwealth Edison* (1991), 143 Ill. 2d 458, 467, 575 N.E.2d 548, 551-52; see *Shadden v. Zimmerlee* (1948), 401 Ill. 118, 124, 81 N.E.2d 477, 480.) Technical rules of construction are not determinative, and the manifest intention of a deed controls, even if it is "inaptly or

awkwardly expressed." *Saunders v. Saunders* (1940), 373 Ill. 302, 309, 26 N.E.2d 126, 129.

When an ambiguity is found within the four corners of the document, parol evidence of the grantor's intent may be considered. (*Urbaitis*, 143 Ill. 2d at 467, 575 N.E.2d at 552; *Shadden*, 401 Ill. at 123-24, 81 N.E.2d at 480.) "The deed should be construed so as to carry out this intention, as gathered from the instrument as a whole, and every word in the deed should be considered and, if possible, given effect." *Urbaitis*, 143 Ill. 2d at 467, 575 N.E.2d at 552.

■ In the deed, Joseph attempted to reserve to himself and Patricia a joint life estate in the property. Although a strict construction of the term "reserve" generally precludes the creation of a life estate in Patricia because she had no interest in the property at the time the deed was executed (*Saunders*, 373 Ill. at 304, 26 N.E.2d at 127), this interpretation conflicts with the subsequent reference to a "joint life estate *** which shall terminate upon both of their deaths." This conflict prevents each word in the deed from being given effect and creates an ambiguity to be resolved on remand. (*Urbaitis*, 143 Ill. 2d at 467, 575 N.E.2d at 552; see also *Saunders*, 373 Ill. at 309, 26 N.E.2d at 129 (holding that a reservation clause gave a life estate to a spouse pursuant to a deed reserving use of the property to both husband and wife for life, *even though the husband had no interest in the property*).) To resolve the ambiguity, the parties' intentions may be determined by examining the language of the deed, the circumstances surrounding its execution, and the decedent's and the parties' subsequent conduct. See *Shadden*, 401 Ill. at 125, 81 N.E.2d at 480-81.

## C

Patricia further alleges that the legal description in the deed attached to Paul's motion for summary judgment is incomplete and inaccurate. Since the actual property conveyed is essential to the rights of the parties, this alleged ambiguity must be resolved by the trial court.

The trial court's denial of Patricia's motion for summary judgment is affirmed; its grant of Paul's motion for summary judgment is reversed, and the cause is remanded for further proceedings.

## 3. COUNTERCLAIM

The trial court struck Patricia's counterclaim seeking damages and a judicial declaration that she had a life estate in the property because a forcible entry and detainer action is "a fairly limited proceeding." On appeal, Paul argues that the issues in the counter-

claim should be brought in a separate proceeding to set aside the deed because the present action should be " 'unhampered and unimpeded by questions of title and other collateral matters.' " *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 255, 263 N.E.2d 833, 837, *cert. dismissed sub nom. Burton v. American National Bank & Trust Co.* (1971), 401 U.S. 928, 28 L. Ed. 2d 209, 91 S. Ct. 924, quoting *Bleck v. Cosgrove* (1961), 32 Ill. App. 2d 267, 272, 177 N.E.2d 647, 649, *appeal denied* (1962), 23 Ill. 2d 623.

In Illinois, counterclaims are permissive and may be set for a separate proceeding "if [they] cannot be conveniently disposed of with the other issues in the case." (735 ILCS 5/2—614 (West 1994).) In a forcible entry and detainer action, the relief sought by a counterclaim must not be collateral to the central issue of possession. (*Rosewood Corp.*, 46 Ill. 2d at 255, 263 N.E.2d at 837.) Here, as we previously noted, the language and validity of the deed are integral, not collateral, to the resolution of the instant case. On remand, the trial court should reinstate the portion of Patricia's counterclaim seeking a judicial declaration of her life estate and allow relevant evidence to be presented.

Patricia's counterclaim for monetary damages, however, is "not germane to the distinct purposes of a forcible entry and detainer proceeding" and must be brought in a separate lawsuit. (*People ex rel. Department of Transportation v. Walliser* (1994), 258 Ill. App. 3d 782, 788, 629 N.E.2d 1189, 1194, *appeal denied* (1994), 157 Ill. 2d 520, 642 N.E.2d 1301; see 735 ILCS 5/9—106 (West 1994).) Thus, we affirm the trial court's order striking this portion of the counterclaim on the narrow grounds that it is not integral to the limited nature of this proceeding, but in so doing, Patricia is not precluded from bringing this claim in a separate proceeding.

## CONCLUSION

Because we remand on other grounds, we need not address the other issues raised on appeal. The judgment of the circuit court of Peoria County is affirmed in part, reversed in part, and the cause is remanded for further proceedings.

Affirmed in part; reversed in part and remanded.

BRESLIN and SLATER, JJ., concur.