JOSEPH MASCENIC, Plaintiff-Appellant, *v.* SHARON ANDERSON *et al.,* Defendants-Appellees.

First District (2nd Division)   No. 76-1173

Opinion filed October 11, 1977.

Hillard Garlovsky, of Chicago, for appellant.

Charles T. Booher, Jr., of Chicago, for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Joseph Mascenic, brought an equitable action in the circuit court of Cook County seeking the declaration of a constructive or resulting trust upon certain real property commonly known as 450 Hickory Drive in Wheeling, Illinois, and held in an Illinois land trust of which defendant, Sharon Anderson, is the sole beneficiary. The court, upon a bench trial, found plaintiff's complaint and the evidence adduced in support thereof to be sufficient to support the relief sought. However, the court barred recovery upon application of the equitable doctrine of "unclean hands." The sole issue presented for review concerns the propriety of the court's action in the latter regard.

Plaintiff alleged *inter alia* that he and his paramour, defendant Anderson, agreed to purchase the aforementioned real property for their joint ownership and occupancy; that he retained the legal services of co-defendant Harold Margules with regard to this purchase; that upon the advice of Margules and with the intention of avoiding potential encumbrances upon the property, title was taken in an Illinois land trust of which defendant was made sole beneficiary; that plaintiff made payment of $7,500 towards purchase of the property; and, that defendants thereafter conspired to defraud plaintiff of his beneficial interest in the property. Defendants' response denied the existence of such a conspiracy and asserted that plaintiff's financial contribution was in the nature of a gift.

■■ The trial court, upon consideration of the conflicting evidence adduced at trial, described the situation as a "classic case" for the imposition of a resulting trust. Our review of the record supports the judgment of the court in this regard.

However, in light of plaintiff's admission that the real property was placed in a land trust solely to prevent plaintiff's spouse from obtaining any interest in the property in the event of divorce proceedings, the trial court barred plaintiff's recovery upon application of the doctrine of "unclean hands."

■■ We deem it well settled that misconduct on the part of a plaintiff which will defeat a recovery in a court of equity under the doctrine of "unclean hands" must have been conduct in connection with the very transaction being considered or complained of, and must have been misconduct, fraud, or bad faith toward the defendant making the contention. (*Evangeloff v. Evangeloff* (1949), 403 Ill. 118, 126, 85 N.E.2d 709, 714.) The "clean hands" doctrine is not a judicial straightjacket, is not favored by the courts, is not intended to prevent equity from doing complete justice, and its application is a matter for the sound discretion of the trial court. See *Shadden v. Zimmerlee* (1948), 401 Ill. 118, 127-28, 81 N.E.2d 477, 482.

■■ In the instant case, there was no direct evidence that plaintiff's conduct, in establishing the land trust currently at issue, was intended or served to defraud either of the named defendants. Consequently, plaintiff's recovery is not barred by application of the doctrine of "unclean hands."

Accordingly, the judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

DOWNING, P. J., and PUSATERI, J., concur.