# Illinois Official Reports

## Appellate Court

*Rainbow Council Boy Scouts of America v. Holm*, 2018 IL App (3d) 160715

| | |
|---|---|
| Appellate Court Caption | RAINBOW COUNCIL BOY SCOUTS OF AMERICA, Plaintiff-Appellee, v. LORETTA HOLM, ADAM HOLM, DANIEL HOLM, NICHOLAS HOLM, and UNKNOWN OWNERS OF RECORD AND PARTIES IN POSSESSION, Defendants-Appellants. |
| District & No. | Third District<br>Docket No. 3-16-0715 |
| Filed | January 3, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Grundy County, No. 14-CH-153; the Hon. Eugene P. Daugherity, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Christopher S. Carroll, of Aurora, for appellants.<br><br>Franklin P. Andreano, of Andreano & Lyons, of Joliet, for appellee. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justices McDade and Schmidt concurred in the judgment and opinion. |

**OPINION**

¶ 1    The plaintiff, Rainbow Council Boy Scouts of America (Boy Scouts), sought equitable relief regarding access to a path that went onto adjacent property owned by the defendants, Loretta, Adam, Daniel, and Nicholas Holm. The plaintiff's petition for a permanent injunction and a prescriptive easement was granted, and the defendants appealed.

¶ 2                                              FACTS

¶ 3    The plaintiff operated property for the Boy Scouts adjacent to land owned by the defendants. At some point, the parties started feuding over an unpaved access road, or path, that crossed over onto the defendants' property. The plaintiff filed a motion for a temporary restraining order (TRO), alleging that the defendants had made the path impassable. The trial court denied the TRO without prejudice and set the case for a hearing on preliminary injunctive relief. After that hearing, the trial court granted the plaintiff a temporary injunction to maintain the status quo. The matter was set for a hearing on the petition for a permanent injunction and complaint for declaratory relief on the grounds of prescriptive easement.

¶ 4    At the hearing for permanent relief, the parties stipulated as to the property lines. They also stipulated that the testimony of the witnesses called at the preliminary injunction hearing would be the same, and the trial court admitted the transcript of that hearing as an exhibit. At issue was a dirt path used by the plaintiff for access from its entrance on Winterbottom Road, over a dam, to the back portion of the plaintiff's property. The path over the dam was the means by which the plaintiff could cross from the front to the back of its property, which was split by a lake. Margaret Heard, the treasurer of the Deer Lake Dam Association, had testified at the preliminary injunction hearing that the plaintiff had written permission from the Deer Lake Dam Association to cross back and forth across the portion of the dam owned by the association. Joshua Jansen, a district executive with the Rainbow Council Boy Scouts of America, had testified at the preliminary injunction hearing that the path in question was 10 to 12 feet wide and was used by the Boy Scouts to reach the back side of the camp, both on foot and with all-terrain vehicles.

¶ 5    According to the survey that the parties stipulated was accurate, a portion of the path crossed over onto the defendants' property prior to reaching the dam. Daniel Holm, one of the defendants who lived at the property, testified that approximately 150 feet of the path crossed over onto the defendants' property. Daniel testified that the path had been there for many years, before the plaintiff or the defendants owned their respective properties, but he only knew of the plaintiff using it since his grandfather died in 2011. Daniel testified that the plaintiff could access the back of its property by driving around to Whitetie Road, a distance of about five or six miles. Daniel also testified that the Boy Scouts had been trespassing on the defendants' driveway and that the plaintiff was not acting to prevent the use of the driveway. In support, a video was shown of a Boy Scout bus turning around in the defendants' driveway and causing tire ruts, which occurred after the preliminary injunction was entered. The video also showed a heated exchange between an employee of the plaintiff and one of the defendants. Daniel acknowledged that the plaintiff had put up two signs along Winterbottom Road directing people coming to the camp to proceed to the end of the road, but people still turned into their driveway.

¶ 6     Edward Karns, the chief executive officer of Rainbow Council Boy Scouts of America, testified that the plaintiff was using the path when he started working for the plaintiff in 1988, but he thought the various paths had been there since the 1960s. Karns testified that there was some access to the back side of the plaintiff's property via Whitetie Road, but it would require a six- or seven-mile drive around the property and would not provide sufficient access for emergency personnel to the back half of the plaintiff's property. The only other option to reach the back side of the property was to ferry boys across the lake in a row boat. Karns testified that map applications directed traffic to the camp to the defendants' driveway. To prevent people from turning down the defendants' driveway, the plaintiff contacted Google and other organizations to get the mapping changed, with no luck. The plaintiff had also put up signs on Winterbottom Road directing traffic to the camp to the end of the road. The plaintiff also sent out maps to the troops coming to the camp.

¶ 7     The trial court granted the permanent injunction, concluding that the plaintiff had a clearly ascertainable legal right, a prescriptive easement, to use the path over the dam to access the property that was separated by the dam, the defendants were interfering with that right, and that constituted an irreparable injury because it deprived the plaintiff of the peaceable enjoyment of their property. The trial court concluded that there was no evidence of unclean hands or a lack of good faith that would preclude injunctive relief. The trial court also concluded that the plaintiff had a prescriptive right to use the path, so whether there was other access available to the plaintiff was irrelevant to that use, but even if relevant, necessity had been established due to the virtue of possible emergency access and the economic burden of establishing an alternate roadway. The defendants appealed.

¶ 8                                    ANALYSIS

¶ 9     The defendants argue that a lack of necessity, the clean hands doctrine, and the balancing of the hardships barred the issuance of the permanent injunction allowing the plaintiff to use the path on the defendants' property and enjoining the defendants from interfering with that use. The plaintiff contends that the trial court's factual conclusions were not against the manifest weight of the evidence and its grant of a permanent injunction was not an abuse of discretion.

¶ 10    An easement is a nonpossessory interest in another person's land. *Nationwide Financial, LP v. Pobuda*, 2014 IL 116717, ¶ 28. To establish an easement by prescription, the claimant must prove the use of the land for at least 20 years was adverse, exclusive, continuous, uninterrupted, and under a claim of right inconsistent with that of the true owner. *Id.* ¶ 27. The party claiming the easement bears the burden of proving distinctly and clearly all the elements of the easement. *Brandhorst v. Johnson*, 2014 IL App (4th) 130923, ¶ 68. Whether those elements have been proven involve questions of fact, so we will affirm the trial court's ruling regarding a prescriptive easement unless it was against the manifest weight of the evidence. *Id.* ¶ 69.

¶ 11    The trial court found that the plaintiff had established that it had a prescriptive easement over that portion of the path that passed onto the defendants' land between the plaintiff's land and the land over the dam owned by the Deer Lake Dam Association. The plaintiff had been repeatedly using the path since at least 1988 under a claim of right, without permission from the defendants. Although the plaintiff was not the only party to use the path, its right to do so did not depend on a like right in others, so it was exclusive. See *Nationwide Financial, LP*,

2014 IL 116717, ¶ 33 (exclusivity does not mean that no one used the easement other than the claimant of the easement; it only means that the claimant's right does not depend on a like right in others). We find that the trial court's conclusion that the plaintiff distinctly and clearly proved all the elements of the prescriptive easement was not against the manifest weight of the evidence.

¶ 12    In any event, the defendants do not challenge those factual findings on appeal. Instead, they argue that injunctive relief was not warranted because of a lack of necessity, the clean hands doctrine, and the balancing of the hardships. The trial court considered and rejected all of those arguments. We review the grant of injunctive relief for an abuse of discretion. *Brandhorst*, 2014 IL App (4th) 130923, ¶ 94.

¶ 13    The clean hands doctrine operates to bar equitable relief to a party asking for such relief if that party has been guilty of misconduct, fraud, or bad faith in connection with the matter in dispute. *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 26. The defendants argue that the plaintiff did not have clean hands because it did not warn its invitees to avoid trespassing on the defendants' property, it failed to supervise the Boy Scouts, and an employee of the plaintiff was verbally abusive. The evidence showed that the plaintiff did attempt to prevent its invitees from accidently turning down the defendants' driveway by posting signs and contacting online mapping websites including Google Maps to correct its website's misinformation about the location of the camp. Further, there was no evidence that the plaintiff directed anyone to damage defendants' property. The incident on the video showing the argument with the employee of the plaintiff and defendant was in the context of an ongoing, contentious property dispute. As such, there was no abuse of discretion in the trial court's conclusion that there were no actions by the plaintiff arising to a level sufficient to bar injunctive relief. See *Mascenic v. Anderson*, 53 Ill. App. 3d 971, 972 (1977) (the doctrine of unclean hands is not favored by the courts and its application is a matter of discretion).

¶ 14    As the trial court found, the issue of necessity was irrelevant to the legal finding of a prescriptive easement. However, it was arguably relevant to the defendants' argument that the balancing of the hardships favored a denial of the permanent injunction. See *Nitterauer v. Pulley*, 401 Ill. 494 (1948) (when an encroachment is slight, the cost of removal great, and the benefit of removal small, courts will generally refuse injunctive relief). The defendants argue that the plaintiff had other options to reach the back half of its property, and it could have incurred the cost of upgrading roads rather than "taking" the defendants' property for access. The trial court found, however, that there was a necessity for access to the path because, even if there had never been an emergency, the possibility of an emergency existed. Also, due to the topography of the area, there was no existing alternative access and establishing such access would be an economic burden to the plaintiff. Considering the trial court's factual findings, and the fact that the defendants were not ordered to remove any encroachments[1] but only to allow the plaintiff to access the path, we find that there was no abuse of discretion in granting the permanent injunction.

---

[1]In the order granting preliminary injunctive relief, the defendants were ordered to remove downed trees that blocked the path. According to the record, that had already been accomplished by the time of the hearing on the permanent injunction.

¶ 15                                    CONCLUSION

¶ 16            The judgment of the circuit court of Grundy County is affirmed.

¶ 17            Affirmed.